(November 24, 1997)

■ JEROME ABBADESSA et al., Respondents, v ULRIK HOLDING LTD., Appellant. [664 NYS2d 620] —In an action to recover damages for personal injuries, etc., the defendant appeals from an

order of the Supreme Court, Kings County (Rappaport, J.), dated July 10, 1996, which denied its motion for summary judgment.

Ordered that the order is reversed, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

The plaintiffs alleged that the defendant, a property owner, was negligent, *inter alia,* in causing and permitting the public sidewalk adjoining its premises to be in a "dangerous, hazardous and unsafe condition". The injured plaintiff, Jerome Abbadessa, a sanitation worker, was injured on the job when, while engaged with his partner in hoisting a discarded refrigerator into their sanitation truck, his foot slipped on a shelf that had apparently fallen out of the refrigerator and was concealed under some loose trash.

The complaint should be dismissed. According to the injured plaintiff's own account, he elected to perform his job of hoisting a refrigerator into a sanitation truck while standing upon loose debris which easily could (and in fact did) constitute a slipping hazard. When a workman confronts the ordinary and obvious hazards of his employment, and has at his disposal the time and other resources (e.g., a co-worker) to enable him to proceed safely, he may not hold others responsible if he elects to perform his job so incautiously as to injure himself (*see, e.g., Keating v Cookingham,* 223 AD2d 997; *Mercer v City of New York,* 223 AD2d 688, 691, *affd* 88 NY2d 955). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.