■ DANIEL ERCOLE et al., Respondents, v ACADEMY FENCE COMPANY, INC., Appellant. (And a Third-Party Action.) [681 NYS2d 314] —In a negligence action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated December 1, 1997, as denied that branch of its motion which was for summary judgment dismissing the complaint of the plaintiff Daniel Ercole.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted in its entirety, and the complaint is dismissed.

On May 27, 1994, Daniel Ercole was injured while repairing the malfunctioning hydraulic lift gate of a truck owned by Academy Fence Company, Inc. (hereinafter Academy Fence). He had attempted to repair the hydraulic lift gate the day before, but, after ascertaining that the repair was unsuccessful, Academy Fence returned it to the premises of Long Island Power Equipment (hereinafter LIPE), Ercole's employer, on the date of the accident, with the lift gate in a raised position. While attempting to lower the gate, it fell upon Mr. Ercole, causing serious personal injuries.

Since Academy Fence exercised no control over Ercole, and since he was an expert in hydraulic lift repair, Academy Fence owed no duty to warn Ercole that the gate had been artificially lifted (*see, Di Ponzio v Riordan,* 89 NY2d 578; *Pannone v Burke,* 149 AD2d 673). The dangers posed by the malfunctioning lift gate were readily discernable to one with Ercole's expertise. When a worker confronts the ordinary and obvious hazards of his employment, and has at his disposal the time and resources to proceed safely, he may not hold others responsible if he elects to perform his job so incautiously as to injure himself (*see, Abbadessa v Ulrik Holding,* 244 AD2d 517). Pizzuto, J. P., Joy, Goldstein and Luciano, JJ., concur.