■ Jose Marin et al., Respondents, v San Martin Restaurant, Inc., Appellant. [731 NYS2d 70] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Golar, J.), dated January 30, 2001, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The injured plaintiff, a sanitation worker, allegedly sustained personal injuries as a result of lifting a heavy garbage bag preparatory to throwing it into a sanitation truck. He and his wife commenced this action against the defendant, the owner of the restaurant adjacent to where the bag was located, alleging that its employees had created a dangerous condition by overloading the bag and failing to provide the injured plaintiff with a safe place to work.

The Supreme Court erred in denying the defendant's motion for summary judgment. The hazard of being injured as a result of lifting a heavy garbage bag and loading it into a sanitation truck is inherent in the work of a sanitation worker. "[A]n owner does not owe a duty to protect a contractor's employee from hazards resulting from the contractor's methods over

which the owner exercises no supervisory control" (*Anderson v Bush Indus.*, 280 AD2d 949, 950; *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876).

According to the injured plaintiff's own account, he elected to perform his job of lifting the garbage bag into the back of the sanitation truck without assistance. When a worker "confronts the ordinary and obvious hazards of his employment, and has at his disposal the time and other resources (e.g., a co-worker) to enable him to proceed safely, he may not hold others responsible if he elects to perform his job so incautiously as to injure himself" (*Abbadessa v Ulrik Holding*, 244 AD2d 517, 518; *see also, Ercole v Academy Fence Co.*, 256 AD2d 305).

The plaintiffs' remaining contentions are without merit. Altman, J. P., Krausman, Florio and Cozier, JJ., concur.