■ GREGORY STEINER et al., Appellants, v BENROAL REALTY
ASSOCIATES, L.P., et al., Respondents. [736 NYS2d 702] —In an ac-
tion to recover damages for personal injuries, etc., the plaintiffs
appeal from an order of the Supreme Court, Nassau County
(Davis, J.), dated April 12, 2001, which granted the defendants'
motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The injured plaintiff, a sanitation worker, allegedly twisted
his knee when he stepped on a garbage bag as he was attempt-
ing to help his partner hook a dumpster onto their sanitation
truck. The plaintiffs commenced this action against the
defendants, the property owner and the manager of the site
where the dumpsters were located, alleging that they created a
dangerous and defective condition on the premises.

The defendants' motion for summary judgment dismissing
the complaint was properly granted. The injured plaintiff testi-
fied that he had observed garbage bags and other debris lying
around the dumpsters at the time of the accident and on previ-
ous occasions. When a worker confronts the ordinary and obvi-
ous hazards of his or her employment, and has the time and
other resources (e.g., a coworker) to proceed safely, a defendant
may not be held responsible if the worker performs the job so
incautiously as to be injured (*see, Marin v San Martin Rest.,*
287 AD2d 441; *Ercole v Academy Fence Co.,* 256 AD2d 305;
*Abbadessa v Ulrik Holding,* 244 AD2d 517). Ritter, Acting P.J.,
Feuerstein, O'Brien, H. Miller and Townes, JJ., concur.

■ RICHARD WALBERG et al., Appellants, v GOOD SAMARITAN
HOSPITAL et al., Defendants, and RAJKUMAR MARIWALLA,
Respondent. [736 NYS2d 611] —In an action, inter alia, to recover
damages for medical malpractice, the plaintiffs appeal from a
judgment of the Supreme Court, Suffolk County, (Floyd, J.),
entered November 13, 2000, which, upon a jury verdict on the
issue of liability, is in favor of the defendant Rajkumar Mari-
walla and against them.

Ordered that the judgment is affirmed, with costs.

The contentions raised by the plaintiffs on appeal do not
require reversal. Krausman, J.P., Luciano, Adams and Townes,
JJ., concur.