■ MICHAEL J. SPENCE, Respondent, v ISLAND ESTATES AT MT. SINAI II, LLC, et al., Defendants/Third-Party Plaintiffs-Respondents-Appellants. LAKEVILLE INDUSTRIES, INC., Third-Party Defendant-Appellant-Respondent. [914 NYS2d 203]—

In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County,

(Costello, J.), entered October 9, 2009, as denied its cross motion for summary judgment dismissing the third-party complaint, and the defendants/third-party plaintiffs cross-appeal, as limited by their brief, from so much of the same order as denied their motion for summary judgment dismissing the complaint and on their third-party cause of action for contractual indemnification.

Ordered that the order is reversed, on the law, with one bill of costs to the defendants/third-party plaintiffs, payable by the plaintiff, and one bill of costs to the third-party defendant, payable by the defendants/third-party plaintiffs, that branch of the motion of the defendants/third-party plaintiffs which was for summary judgment dismissing the complaint is granted, that branch of the motion of the defendants/third-party plaintiffs which was for summary judgment on the third-party cause of action for contractual indemnification is denied as academic, and the third-party defendant's motion for summary judgment dismissing the third-party complaint is granted.

On March 31, 2005, the plaintiff, an employee of the third-party defendant, allegedly sustained injuries while delivering a counter top to a home that was under construction as part of a residential project that was being developed by the defendants/third-party-plaintiffs (hereinafter the defendants). The plaintiff alleged that he hit his right foot on a rut or deep crevice in the ground, characterized by tire or tread marks.

The Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages under Labor Law § 240 (1), since the accident occurred at ground level, and the plaintiff was not subjected to an elevation-related risk (*see Nieves v Five Boro A.C. & Refrig. Corp.*, 93 NY2d 914, 916 [1999]; *Plotnick v Wok's Kitchen Inc.*, 21 AD3d 358 [2005]; *Aquilino v E.W. Howell Co., Inc.*, 7 AD3d 739 [2004]; *Alvia v Teman Elec. Contr.*, 287 AD2d 421 [2001]; *Masullo v City of New York*, 253 AD2d 541 [1998]). Moreover, in the plaintiff's opposition to the defendants' motion, he conceded that Labor Law § 240 (1) was inapplicable to this action.

The Supreme Court also should have granted that branch of the defendants' motion which was for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 241 (6), based upon an alleged violation of 12 NYCRR 23-1.5, since that provision is not a regulation sufficiently specific to support a cause of action under the statute, but merely establishes a general safety standard (*see Maday v Gabe's Contr., LLC*, 20 AD3d 513 [2005]; *Sparkes v Berger*, 11

AD3d 601 [2004]; *Madir v 21-23 Maiden Lane Realty, LLC*, 9 AD3d 450 [2004]; *Mancini v Pedra Constr.*, 293 AD2d 453 [2002]; *Vernieri v Empire Realty Co.*, 219 AD2d 593, 598 [1995]). Additionally, since the interpretation of an Industrial Code regulation and the determination as to whether a particular condition is within the scope of the regulation generally present questions of law for the court (*see Messina v City of New York*, 300 AD2d 121 [2002]; *Penta v Related Cos.*, 286 AD2d 674 [2001]; *Millard v City of Ogdensburg*, 274 AD2d 953 [2000]; *Stasierowski v Conbow Corp.*, 258 AD2d 914 [1999]), and the plaintiff did not testify at his deposition that his accident was caused by a slippery hazard or condition, or any other hazard specified in 12 NYCRR 23-1.7, the Supreme Court should have granted that branch of the defendants' motion which was for summary judgment dismissing the Labor Law § 241 (6) cause of action to recover damages based upon alleged violations of 12 NYCRR 23-1.7. The Supreme Court also erred in denying that branch of the defendants' motion which was summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is predicated on a violation of 12 NYCRR 23-1.7 (e). There is no basis for imposing liability upon the defendants pursuant to 12 NYCRR 23-1.7 (e) (1) or (2), since the area where the plaintiff was injured was an open dirt area, and not a "passagewa[y]" within the meaning of that regulation, and the plaintiff did not allege that he tripped on construction debris or discarded tools (*see Hageman v Home Depot U.S.A., Inc.*, 45 AD3d 730 [2007]; *Castillo v Starrett City*, 4 AD3d 320 [2004]; *Canning v Barneys N.Y.*, 289 AD2d 32, 34-35 [2001]; *Alvia v Teman Elec. Contr.*, 287 AD2d at 423; *Muscarella v Herbert Constr. Co.*, 265 AD2d 264 [1999]).

The Supreme Court also erred in denying that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging violation of Labor Law § 200 and common-law negligence. The plaintiff testified at his deposition that he had observed and walked over several ruts at the development site, and that the existence of such ruts on construction sites was not unusual. In describing the condition of the ground, he testified that "[c]onstruction vehicles drive over dirt. There were deep tire treads." In addition, when asked what percentage of construction sites have these type of tire tread ruts, he answered, "most." "When a worker 'confronts the ordinary and obvious hazards of his [or her] employment, and has . . . the time and other resources (e.g., a co-worker) to enable him to proceed safely, [a defendant] may not [be held] responsible if [the worker] perform[s the] job so incautiously [so] as to [be] injure[d]' " (*Marin v San Martin Rest.*, 287 AD2d

441, 442 [2001], quoting *Abbadessa v Ulrik Holding*, 244 AD2d 517, 518 [1997]; *see Ercole v Academy Fence Co.*, 256 AD2d 305 [1998]).

In light of our determination that branch of the defendants' motion which was for summary judgment on the third-party cause of action for contractual indemnification must be denied as academic, and the third-party defendant's cross motion for summary judgment dismissing the third-party complaint must be granted. Mastro, J.P., Fisher, Roman and Sgroi, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32365(U).]**