[965 NE2d 240, 942 NYS2d 13]

MINERVA VEGA, Respondent, v RESTANI CONSTRUCTION CORP. et al., Defendants, and GENERAL FENCE CORPORATION, Appellant.

Argued January 3, 2012; decided February 16, 2012

## POINTS OF COUNSEL

*O'Connor Redd LLP*, White Plains (*Amy Lynn Fenno* of counsel), for appellant. I. An ordinary and obvious hazard of Vega's work as a park maintenance worker was the lifting of heavy garbage cans. (*Marin v San Martin Rest.*, 287 AD2d 441; *Anderson v Bush Indus.*, 280 AD2d 949; *Abbadessa v Ulrik Holding*, 244 AD2d 517; *Jackson v Board of Educ. of City of N.Y.*, 30 AD3d 57; *Imtanios v Goldman Sachs*, 44 AD3d 383, 9 NY3d 1028; *Keating v Cookingham*, 223 AD2d 997; *Kowalsky v Conreco Co.*, 264 NY 125; *Gurung v Arnav Retirement Trust*, 79 AD3d 969; *Waiters v Northern Trust Co. of N.Y.*, 29 AD3d 325; *Appelbaum v 100 Church*, 6 AD3d 310.) II. Since General Fence did not have exclusive control over Loreto Park or the garbage can Vega alleges caused her injury the doctrine of res ipsa loquitur is inapplicable. (*Durso v Wal-Mart Stores*, 270 AD2d 877; *Finocchio v Crest Hollow Club at Woodbury*, 184 AD2d 491; *Nesbit v New York City Tr. Auth.*, 170 AD2d 92; *Kowalski v Loblaws, Inc.*, 61 AD2d 340; *Pavon v Rudin*, 254 AD2d 143; *Banca Di Roma v Mutual of Am. Life Ins. Co., Inc.*, 17 AD3d 119; *Wolf v American Tract Socy.*, 164 NY 30; *Abbott v Page Airways*, 23 NY2d 502; *Cole v Swagler*, 308 NY 325; *Manley v New York Tel. Co.*, 303 NY 18.) III. General Fence met its burden of proof on its motion for summary judgment and plaintiff did not create an issue of fact warranting denial of the motion. (*Kambat v St. Francis Hosp.*, 89 NY2d 489; *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219; *Corcoran v Banner Super Mkt.*, 19 NY2d 425; *Wolf v American Tract Socy.*, 164 NY 30; *JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373; *Keating v Cookingham*, 223 AD2d 997; *Spearmon v Times Sq. Stores Corp.*, 96 AD2d 552.)

*Pollack, Pollack, Isaac & De Cicco*, New York City (*Brian J. Isaac* and *Jillian Rosen* of counsel), and *Law Offices of Stillman & Stillman*, Bronx, for respondent. I. The First Department's order denying General Fence summary judgment is correct; plaintiff's accident was not caused by a condition inherent in her work and there is not a scintilla of evidence that Ms. Vega

performed her work carelessly. (*Marin v San Martin Rest.*, 287 AD2d 441; *Anderson v Bush Indus.*, 280 AD2d 949; *Abbadessa v Ulrik Holding*, 244 AD2d 517; *Jackson v Board of Educ. of City of N.Y.*, 30 AD3d 57; *Imtanios v Goldman Sachs*, 44 AD3d 383, 9 NY3d 1028; *Keating v Cookingham*, 223 AD2d 997; *Steiner v Benroal Realty Assoc.*, 290 AD2d 551; *Knisley v Pratt*, 148 NY 372; *Kowalsky v Conreco Co.*, 264 NY 125; *Mullin v Genesee County Elec. Light, Power & Gas Co.*, 202 NY 275.) II. The doctrine of res ipsa loquitur is applicable since plaintiff raised a question of fact on the issue of exclusive control by General Fence. (*People v Geraci*, 85 NY2d 359; *Caraballo v Paris Maintenance Co.*, 2 AD3d 275; *Morejon v Rais Constr. Co.*, 7 NY3d 203; *Interested Underwriters at Lloyds v Associated Ceilings Corp.*, 55 NY2d 635; *Pollock v Rapid Indus. Plastics Co.*, 113 AD2d 520; *Corcoran v Banner Super Mkt.*, 19 NY2d 425; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Coastal Sheet Metal Corp. v Martin Assoc., Inc.*, 63 AD3d 617; *Bryan v 250 Church Assoc., LLC*, 60 AD3d 578; *Torres v Industrial Container*, 305 AD2d 136.) III. General Fence failed to meet its prima facie burden of eliminating all issues of fact and plaintiff raised questions of fact through defendant's own evidence. (*Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294; *Simmons v City of New York*, 146 AD2d 624; *Alvarez v Prospect Hosp.*, 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Olan v Farrell Lines*, 64 NY2d 1092.)

**OPINION OF THE COURT**

Chief Judge LIPPMAN.

We hold that plaintiff, a park maintenance worker, is entitled to a trial on the merits of her claim that a subcontractor's improper disposal of construction debris caused her serious and permanent injuries when, in the course of her employment in a Bronx park, she attempted to move a garbage barrel containing such waste. Whether or not plaintiff will ultimately prevail, she is entitled to present her claim to a trier of fact, and, accordingly, we find that the lower courts correctly denied the summary judgment motion of defendant-appellant General Fence Corporation (GFC).

In 2001, defendant[1] general contractor Restani Construction Corporation (Restani) was awarded a bid to work on the renovation of several Bronx parks, including Loreto Park. Defendant GFC was hired as a subcontractor on the project. Plaintiff

---

1. Restani is a defendant in this action but is not a party to this appeal.

Minerva Vega, a park maintenance worker employed by the City of New York Parks and Recreation Department asserts that on the morning of May 28, 2002, when she attempted to pull a trash can from its location in Loreto Park in order to move it to the front entrance for pick up by the New York City Department of Sanitation she was unable to do so and felt a tear in her shoulder.[2] Defendant's coworker, Ms. Jackie Diaz averred that "[w]hen I looked in the garbage barrel that day, I saw chunks of cement that could only have come from the [other] workers who were repairing/fixing the park." Plaintiff commenced the instant action against several defendants, including defendant-appellant GFC, alleging that the "accident occurred wholly as a result of the defendants' negligence without any contributory negligence on [her] part." The Appellate Division affirmed the Supreme Court's denial of defendant's motion for summary judgment (73 AD3d 641 [1st Dept 2010]). The Appellate Division granted defendant GFC's motion for leave to appeal (2010 NY Slip Op 84110[U] [2010]) and we now affirm.

On a motion for summary judgment, facts must be viewed "in the light most favorable to the non-moving party" (*Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]). Summary judgment is a drastic remedy, to be granted only where the moving party has "tender[ed] sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) and then only if, upon the moving party's meeting of this burden, the non-moving party fails "to establish the existence of material issues of fact which require a trial of the action" (*id.*). The moving party's "[f]ailure to make [a] prima facie showing [of entitlement to summary judgment] requires a denial of the motion, *regardless of the sufficiency of the opposing papers*" (*id.* [emphasis added]). We conclude that GFC has failed to meet its burden as the moving party and that, in any event, assuming, for the sake of argument, that GFC has met its burden, plaintiff has set forth evidence sufficient to establish that there are genuine issues of material fact necessitating a trial.

Defendant GFC has failed to meet its burden of "demonstrat[ing] the absence of any material issues of fact" (*Alvarez*, 68 NY2d at 324). In its counsel's affirmation in support of its motion for summary judgment, GFC argued that "even had

---

2. Plaintiff testified during her May 24, 2005 deposition that her injuries included "a complete tear of the rotator cuff" in three different places.

General Fence placed . . . concrete debris into the container (which it denies having done), putting[ ] debris into a garbage container is not an act of negligence upon which plaintiff can base a claim" and that "there is no evidence to support plaintiff's contention that there was a concrete block in the garbage can" and "no evidence that General Fence . . . performed any concrete excavation at the site." The affirmation relied on the affidavit of Dalton Johnson, principal owner of GFC, for the proposition that "General Fence did not place concrete into garbage containers as a general practice and would not have done so at this park if it had in fact performed excavation work."

As a preliminary matter, we find GFC misapprehends the nature of the alleged circumstances of the accident here. GFC appears to view Ms. Vega's alleged accident as a simple case of injury resulting from placing garbage into a garbage can. We disagree. While, as a general premise, the act of throwing ordinary garbage into a designated receptacle is unlikely to be negligent, GFC did not come forward with any evidence establishing that the disposal of construction debris into a public trash can by a subcontractor would not constitute negligence, and the cases on which it relies are distinguishable. A sharp contrast may be drawn between the present allegations of improper disposal of construction debris and the circumstances attendant to a homeowner placing a bulky couch on the curb for collection or park visitors filling a garbage can with common items of trash.

Nor did GFC prove that it did not place construction debris in the trash receptacle. GFC's reliance on Mr. Johnson's affidavit is misplaced. He averred that he did not remember whether GFC disposed of concrete and GFC has not placed any documentation on the record establishing either that it was not involved in the disposal of concrete as a result of its participation in the renovation project at Loreto Park, or, if it was, that the task was properly accomplished (i.e., paid invoices to contractors). Mr. Johnson's failure to recall (and GFC's apparent failure to document) whether it was involved in concrete disposal as part of the Loreto Park project is insufficient to meet GFC's burden of demonstrating that there are no triable issues and that it is accordingly entitled to summary judgment. Additionally, Mr. Sal Restivo, of Restani, testified that he was "not sure" whether concrete was broken during the project and that the only two contractors at the site who would have broken concrete were Restani and GFC. Plaintiff testified during her March 11, 2006

deposition that she observed the breaking of "rock" as part of the work performed at the park. In addition, a work order for the renovation project at Loreto Park, dated February 20, 2002, lists "[r]emove reinforced concrete" as a task to be completed. Finally, contrary to GFC's assertion in its affirmation, there is record evidence supporting Ms. Vega's allegation that there was concrete in the trash can at the time of her accident. Ms. Diaz stated in her affidavit that she identified concrete in the garbage can on the day of the accident: "Minnie hurt her shoulder trying to move that garbage barrel and never came back to work after that day. When I looked in the garbage barrel that day, I saw chunks of cement." It is not the function of a court deciding a summary judgment motion to make credibility determinations or findings of fact, but rather to identify material triable issues of fact (or point to the lack thereof) (*see Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957] [noting that in deciding a motion for summary judgment " 'issue-finding, rather than issue-determination, is the key to the procedure' "] [citation omitted]).

There is a material factual dispute in this case over whether members of the public had access to the park in the days leading up to Ms. Vega's accident. Mr. Restivo testified that Restani finished its work at the park on May 20th. However, there is evidence in the record, in the form of a Punch List, dated May 21, 2002, and a Weekly Progress Report dated May 24, 2002, suggesting that additional work was done after the 20th. During her March 11, 2006 deposition, Ms. Vega testified that she did not enter Loreto Park while the construction project was ongoing, but rather did some cleaning work on the outside of the park during that time. Her testimony also suggested that Loreto Park reopened to the public on May 26th, two days before her accident. When asked when the construction ended and Ms. Vega returned to her normal duties at the park, she replied "[t]hat was on the 20, the 26th, the 26th [of May]." However, plaintiff's coworker, Ms. Diaz, averred that "[t]he date of Minerva Vega's accident, was our first day back to Loreto Park," suggesting that the park may not have reopened until the day of the accident. Because GFC has failed to meet its burden of demonstrating that triable issues do not exist as to the identity of the party responsible for the allegedly negligent dumping, we cannot conclude on the basis of this record, that GFC was not responsible for placing the concrete into the garbage can.

■ GFC urges this Court to find that the risk of injury due to moving very heavy garbage cans was inherent in plaintiff's work

and, as such, she is barred from recovery for injuries she sustained when attempting to move the garbage can allegedly made heavy by disposed concrete. This principle is derived from the common-law duty of an "employer . . . to provide his employees with a safe place to work" and that duty "does not extend to hazards which are part of or inherent in the very work" being performed (*Gasper v Ford Motor Co.*, 13 NY2d 104, 110 [1963]). It is discussed in various Appellate Division cases (*see e.g. Anderson v Bush Indus.*, 280 AD2d 949, 950 [4th Dept 2001] [holding that "the hazard of being injured as a result of repeatedly lifting heavy boxes and loading them into a truck is inherent in the work of a UPS driver"]; *Marin v San Martin Rest.*, 287 AD2d 441, 441 [2d Dept 2001] [holding that "(t)he hazard of being injured as a result of lifting a heavy garbage bag and loading it into a sanitation truck is inherent in the work of a sanitation worker"]). Assuming that this rule is applicable here where defendant is not plaintiff's employer and GFC is not the owner of the premises on which the accident allegedly occurred, based on this record, we cannot agree with GFC that as a matter of law, the risk of injury due to moving very heavy garbage cans filled with concrete was inherent in plaintiff's work. In support of its motion, GFC offered no evidence concerning the typical duties of someone working in plaintiff's position. Furthermore, plaintiff testified during her 2005 deposition that it was not part of her job to dispose of construction debris: "when they finished one area, finished the construction, then we cleaned whatever garbage cans had to be removed, not their garbage, but the garbage that people had left around the park in the garbage cans." In addition, a representative of GFC, Mr. Johnson, made statements strongly suggesting that it was the responsibility of the contractors themselves, not the park maintenance staff, to dispose of concrete waste from the Loreto Park renovation project. Accordingly, we hold that GFC failed to meet its burden as the movant for summary judgment on this theory.

GFC argues that the hazard of a very heavy trash can filled with concrete was "ordinary and obvious," and therefore that plaintiff is not entitled to recovery. In *Abbadessa v Ulrik Holding* (244 AD2d 517, 518 [2d Dept 1997], *lv denied* 91 NY2d 814 [1998]), the Appellate Division held that

> "[w]hen a workman confronts the ordinary and obvious hazards of his employment, and has at his

disposal the time and other resources (e.g., a co-worker) to enable him to proceed safely, he may not hold others responsible if he elects to perform his job so incautiously as to injure himself."

This rule is derived from general principles of negligence involving open and obvious hazards (*cf. Tagle v Jakob*, 97 NY2d 165, 169 [2001] [recognizing the longstanding rule that "a landowner has no duty to warn of an open and obvious danger"]). *Abbadessa* was an action by a sanitation worker against a property owner. Assuming this doctrine applies to the present case in which plaintiff sues a third party which does not own Loreto Park, we cannot agree that as a matter of law, the hazard in this case (the piece of concrete that rendered the can too heavy for plaintiff to move by herself without injury) was "ordinary and obvious." We hold that there remain triable issues of fact pertaining to whether the risk that the trash can could be filled with concrete was "ordinary and obvious." The record evidence suggests that it would have been unusual and abnormal for there to be concrete in the garbage can. In addition, while we do not equate obviousness with visibility, we find it significant that plaintiff's coworker, Ms. Diaz averred that "[t]he garbage barrel was pretty full of the cement chunks but they were at the bottom and the garbage barrels were very wide. There was garbage on top of the cement and you couldn't see the cement chunks." It may be possible, as GFC argues, that the hazard, while not visible, was otherwise obvious because plaintiff could have hefted the can in order to test its weight before attempting to pull it. However, on the basis of the present record, we cannot conclude that the claimed overloading condition was obvious, and that plaintiff should have known that the can was very heavy due to the presence of concrete, or that attempting to move it on her own would cause injury.

Accordingly, the order of the Appellate Division should be affirmed, with costs, and the certified question answered in the affirmative.

SMITH, J. (dissenting). I dissent because I see no basis on which a finder of fact could rationally conclude, by a preponderance of the evidence, that an employee of General Fence Corporation (GFC) put the concrete in the trash can.

The affidavit of GFC's principal owner, while not claiming a specific recollection of the events, flatly denied that GFC was the guilty party. Johnson testified that he did not remember

whether GFC did any concrete removal at this site; that it was GFC's "custom and practice . . . to physically remove any and all debris that it creates from the work site"; and that "[i]n no event would [GFC] have disposed of concrete or concrete debris in one of the refuse containers intended for the public's usage."

I am mystified by the majority's conclusion that this was insufficient to meet GFC's burden on summary judgment. What else was Johnson supposed to say? The majority faults him for his "failure to recall" and GFC for its "apparent failure to document . . . whether it was involved in concrete disposal" (majority op at 504). But a small business cannot reasonably be expected to produce specific proof, years after the event, of everything it did not do. If I were asked whether I put a large, heavy object in a public trash can three years ago, I could only answer as Johnson did: I do not remember everything I did then, but I know from my custom and practice that I did not do that. GFC's reliance on its customary procedures was sufficient to meet its summary judgment burden.

In opposition to GFC's summary judgment motion, plaintiff offered no evidence at all to connect GFC to the disposal of the concrete. If concrete work was done on this project, it could equally well have been done either by the general contractor, Restani, or by GFC—indeed, my reading of the record suggests that it is slightly more likely that Restani did any such work. And a third possibility existed: that the source of the debris in the trash can was neither of those two contractors, but someone who entered the park after the contractors' work was done. The construction job was largely completed by May 20, eight days before the accident, and there is no evidence of any work done after May 24. (Any concrete removal would have to have been done long before.) Plaintiff's own testimony, as the majority acknowledges, "suggested that Loreto Park reopened to the public on May 26th, two days before her accident" (majority op at 505). The majority strains to find in the testimony of plaintiff's coworker, who said that the day of the accident "was *our* first day back to Loreto Park" (emphasis added), a basis for the majority's surmise "that the park *may* not have reopened until the day of the accident" (*id.* [emphasis added]).

No plaintiff's verdict here could rest on anything but speculation. Summary judgment should have been granted dismissing the complaint.

Judges CIPARICK, GRAFFEO and JONES concur with Chief Judge LIPPMAN; Judge SMITH dissents in a separate opinion in which Judges READ and PIGOTT concur.

Order affirmed, etc.