In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Brathwaite-Nelson, J.), entered March 31, 2011, which granted the defendants’ motion for summary judgment dismissing the complaint.
Ordered that the order is affirmed, with costs.
The plaintiff, Russell Wagner, a sanitation worker, allegedly was injured while he was taking a garbage bag from a curb to a sanitation truck. According to his deposition testimony, Wagner lifted a 30-to-40-gallon black plastic garbage bag with his left hand and, as he turned to throw it into the truck, the bag made contact with his leg. As the bag made contact with his leg, a thin piece or shard of glass in the bag that, according to Wagner, might have been less than a quarter of an inch thick and approximately three inches long, “punctured” his leg, injuring him. Wagner commenced this action to recover damages for personal injuries against Janice Wody and Jerry Wody (hereinafter together the defendants). The accident occurred in front of the defendants’ home, and according to Wagner and a coworker, they found mail addressed to the defendants in the subject bag.
*966 The defendants made a motion for summary judgment dismissing the complaint, which Wagner opposed. The Supreme Court granted the defendants’ motion, stating, in pertinent part, that “the hazard of being injured by the contents of a garbage bag was inherent to plaintiffs duties as a sanitation worker.” Wagner appeals, and we affirm.
The Supreme Court properly found that the hazard of being injured by a small piece of glass included in household garbage was inherent in Wagner’s work (see Marin v San Martin Rest., 287 AD2d 441 [2001]). Nothing in the recent decision of the Court of Appeals in Vega v Restani Constr. Corp. (18 NY3d 499 [2012]), suggests otherwise. In Vega, the Court found that the defendant contractor could not establish that the placement of heavy construction debris, including chunks of cement or concrete, into a public park trash barrel was not negligent as a matter of law. This case is clearly distinguishable. Certainly, a small piece of glass constitutes ordinary garbage or a common item of trash, the disposal of which is a hazard inherent in the duty of a sanitation worker (see Marin v San Martin Rest., 287 AD2d 441 [2001]).
We do not agree with our dissenting colleague that the disposal by the defendants of the subject piece of glass presents a triable issue of fact as to their negligence. The law surely cannot be that homeowners can be made to answer to a jury because a sanitation worker is injured by a one-half inch by three-inch piece of glass contained in a 30-to-40-gallon waste bag that he was throwing into a garbage truck.
In any event, it was Wagner who chose to lift and “throw” this large plastic bag into the sanitation truck. A worker who “confronts the ordinary and obvious hazards of his [or her] employment, and has at his [or her] disposal the time ... to enable him [or her] to proceed safely . . . may not hold others responsible if he [or she] elects to perform his [or her] job so incautiously as to injure himself [or herself]” (Abbadessa v Ulrik Holding, 244 AD2d 517, 518 [1997]). Belen, Lott and Miller, JJ., concur.
Skelos, J.P., dissents and vote to reverse the order and deny the defendants’ motion for summary judgment dismissing the complaint.
The plaintiff sanitation worker was injured when a shard of broken glass concealed in a garbage bag discarded outside the defendants’ home perforated the bag, cut through the plaintiff s pants, and pierced his leg. Because I cannot conclude that such a hazard is, as a matter of law, inherent in the plaintiffs work, or that, as a matter of law, the plaintiff performed his job “so *967 incautiously as to injure himself’ (Abbadessa v Ulrik Holding, 244 AD2d 517, 518 [1997]), I respectfully dissent.
On the day of the accident, the plaintiff, an employee of the New York City Department of Sanitation for 25 years, was collecting garbage from the front of residential properties. He was wearing his uniform, which consisted of, among other things, a pair of “heavy” work pants. The plaintiff picked up a black garbage bag that was left outside a house owned by the defendants. When he first picked up the bag, it was not in contact with any part of his body. However, when the plaintiff turned to go back to the truck, the side of the bag made contact with his leg. The plaintiff then felt something pierce his leg, and he fell to the ground on his knees. According to the plaintiffs deposition testimony, the object that pierced his leg was a flat, thin piece of clear glass, like glass from a window pane. When the plaintiff pulled the glass out of his leg, it was covered in blood, and his leg was bleeding “a lot.” Upon further inspection of the garbage bag, the plaintiff noticed that it contained five or six other pieces of glass. The plaintiff was taken to the hospital, and underwent exploratory surgery to search for additional pieces of glass in his leg. An accident report was completed with respect to the accident, on which the plaintiffs supervisor wrote “[d]o not let bag touch leg while lifting.” The plaintiff was not aware of any guideline or rule instructing the sanitation workers not to let the garbage bags come into contact with their legs, although he always tried to avoid such contact with the bags.
The plaintiff subsequently commenced the present action to recover damages for personal injuries, alleging that the defendants were negligent in placing a garbage bag which contained dangerous material on their property. The defendants moved for summary judgment dismissing the complaint. In support of their motion, the defendants argued that the risk of encountering broken glass was “ordinary and obvious” or an “inherent” hazard of the plaintiffs employment, from which the defendants had no duty to protect the plaintiff. The Supreme Court granted the defendants’ motion. It concluded, and the majority agrees, that as a matter of law, the risk encountered by the plaintiff in this case was inherent in the plaintiffs work.
In so concluding, the majority relies upon Marin v San Martin Rest. (287 AD2d 441 [2001]), in which a sanitation worker commenced an action to recover damages for personal injuries sustained as a result of lifting a heavy garbage bag left adjacent to the defendant’s restaurant. This Court concluded that the defendant’s motion for summary judgment dismissing the complaint should have been granted because “[t]he hazard of *968 being injured as a result of lifting a heavy garbage bag and loading it into a sanitation truck is inherent in the work of a sanitation worker” (id. at 441; see Anderson v Bush Indus., 280 AD2d 949, 950 [2001] [injury sustained by plaintiff, a driver for the United Parcel Service, when he was lifting heavy boxes piled on the defendant’s loading dock, was inherent in the work he was hired to perform]).
This Court has additionally held that “[w]hen a [worker] confronts the ordinary and obvious hazards of his employment, and has at his disposal the time and other resources (e.g., a coworker) to enable him to proceed safely, he may not hold others responsible if he elects to perform his job so incautiously as to injure himself’ (Abbadessa v Ulrik Holding, 244 AD2d at 518; see Steiner v Benroal Realty Assoc., 290 AD2d 551 [2002]; Marin v San Martin Rest, 287 AD2d at 442; Ercole v Academy Fence Co., 256 AD2d 305 [1998]). The Court applied that principle in Abbadessa to conclude that a sanitation worker could not recover from a homeowner where the worker was injured when he was hoisting a discarded refrigerator into a sanitation truck and his foot slipped on a refrigerator shelf concealed under loose trash (see Abbadessa v Ulrik Holding, 244 AD2d at 517). The Court opined that the plaintiff had “elected” to hoist the refrigerator while standing on loose debris, which constituted a slipping hazard (id. at 518). Similarly, in Marin, this Court reasoned that the plaintiff had elected to lift the heavy garbage bag without the assistance of his coworker (see Marin v San Martin Rest, 287 AD2d at 442; see also Steiner v Benroal Realty Assoc., 290 AD2d at 551 [plaintiff sanitation worker could not recover from homeowner where he stepped on a garbage bag while helping his partner hook a dumpster onto their sanitation truck, since he had “observed” the garbage bags lying around the dumpsters at the time of the accident]; Keating v Cooking-ham, 223 AD2d 997, 998 [1996] [sanitation worker who was injured when he lifted a heavy garbage receptacle could not recover from homeowner where he was aware of the receptacle’s weight, from dragging the can into the street, was aware that he had a right not to empty the can due to its excessive weight, and was aware of the availability of his coworker to assist him]).
In contrast, in Vega v Restani Constr. Corp. (18 NY3d 499, 503-507 [2012]), the Court of Appeals concluded that the defendant was not entitled to summary judgment where the plaintiff, a maintenance worker in a public park, was injured when she attempted to pull a public trash can into which the defendant had allegedly discarded construction debris, consisting of heavy chunks of cement. The defendant in that case had *969 argued, among other things, that the act of “putting[ ] debris into a garbage container is not an act of negligence” and that the risk of injury due to moving very heavy garbage cans was inherent in the plaintiffs work (id. at 504 [internal quotation marks omitted]). The Court of Appeals determined that it could not conclude “as a matter of law [that] the risk of injury due to moving very heavy garbage cans filled with concrete was inherent in [the] plaintiffs work” (id. at 506). The Court reasoned that the defendant had “offered no evidence concerning the typical duties of someone working in [the] plaintiffs position” (id.). Furthermore, the Court opined, while the act of depositing “ordinary garbage” or “common items of trash” into a garbage can was “unlikely to be negligent,” the defendant had not come forward with evidence showing, as a matter of law, that its act of disposing of construction debris in the public trash can would not constitute negligence (id. at 504).
The Court of Appeals also rejected the defendant’s argument that the hazard encountered by the plaintiff was “open and obvious” as a matter of law (id. at 507). While the Court acknowledged that “obviousness” does not equate with “visibility,” the Court found it “significant” that the cement chunks were at the bottom of the garbage can, covered with other garbage (id.). The Court recognized that it might be possible for the hazard, although not visible, to otherwise be obvious, but reasoned that the record did not establish, as a matter of law, that the plaintiff “should have known that the can was very heavy due to the presence of concrete” (id.).
In my view, the present case is more akin to Vega than to Marin, the case relied upon by the majority. Whereas in Marin, the plaintiff was confronted with a garbage bag that was merely heavy, in Vega, the plaintiff encountered a garbage receptacle made heavy by material that the Court of Appeals could not say as a matter of law belonged in the garbage can or constituted “ordinary” or “common” items of trash. Here, as in Vega, the defendants, who bore the initial burden of proof on their motion for summary judgment, failed to submit any evidence establishing that the disposal of broken glass of the type found in the defendants’ garbage bag “would not constitute negligence” (id. at 504). In that regard, homeowners surely cannot dispose of any manner of dangerous or hazardous material in their garbage receptacles without incurring any liability to sanitation workers injured by such items. For example, a homeowner might demonstrate entitlement to judgment as a matter of law if a sanitation worker was injured by a discarded flatware knife or dull steak or kitchen knife, but might fail to eliminate triable issues of fact *970 where a sanitation worker was injured by a sharp butcher knife, a machete, a garbage bag strewn with razor blades, or a container holding remnants of toxic or caustic substances. Whether collecting and removing such unprotected hazardous items is inherent in the job of a sanitation worker depends, inter alia, upon the nature of the item, and the degree of danger it poses. In other words, there are items to which it is clearly reasonable to expect sanitation workers to expose themselves and items to which it is patently unreasonable to expect them to expose themselves. These items we can determine, as a matter of law, are or are not hazards inherent in the worker’s job. For items that fall between these two poles, however, the question of reasonableness is for a jury to decide. Here, it cannot be said as a matter of law that the shard of glass found in the defendants’ garbage bag — which was large enough and sharp enough to cut through the plaintiffs heavy work pants, to lodge itself in the plaintiffs leg, and to require exploratory surgery— was an ordinary or common item of trash, the removal of which was inherent in the plaintiff’s work. Moreover, although the majority focuses on the single shard of glass which injured the plaintiff, an inspection of the garbage bag immediately following the occurrence of the injury revealed five or six additional shards of glass. Accordingly, the question of the reasonableness of the defendants’ conduct is one of fact for a jury, which can take into account the nature of the discarded glass and all relevant surrounding circumstances.
A question of fact similarly exists as to whether the presence of broken glass of the type found in the defendants’ garbage bag was an “ordinary and obvious” hazard as opposed to one about which the defendants should have provided a warning. As in Vega, it is “significant” here that the shard of glass was concealed in a black garbage bag (id. at 507). Further, the defendants have not offered any evidence to establish, prima facie, that the plaintiff should otherwise have known about the presence of the glass (cf. Ercole v Academy Fence Co., 256 AD2d at 305 [the dangers posed by a malfunctioning lift gate which injured the plaintiff were “readily discernable to one with (the plaintiffs) expertise”]; Keating v Cookingham, 223 AD2d at 998 [noting, in concluding that the defendant was entitled to summary judgment where the plaintiff was aware of the hazard of an excessively heavy garbage can, that “(t)here were no hidden hazards within the waste”]).
Finally, the defendants failed to establish, prima facie, that the plaintiff “perform[ed] his job so incautiously as to injure himself” (Abbadessa v Ulrik Holding, 244 AD2d at 518; see *971 Steiner v Benroal Realty Assoc., 290 AD2d at 551; Marin v San Martin Rest., 287 AD2d at 442; Ercole v Academy Fence Co., 256 AD2d at 305). While the defendants suggest that the plaintiff should have requested help from his coworker, they did not establish that the coworker’s assistance would have eliminated or lessened the risk posed by the broken glass. Indeed, there is no proof that the coworker’s assistance would have revealed the presence of the glass in the garbage bag. Nor did they establish that, even if the coworker’s assistance could have eliminated or lessened that risk, that the need for the coworker’s help should have been apparent to the plaintiff. Additionally, this is not a case, like Abbadessa, Steiner, and Marin, in which the plaintiff “elected” to proceed with his job in an unsafe manner. Although the plaintiffs supervisor suggested that the sanitation workers were not supposed to allow the garbage bags to touch their legs, there is no evidence that the plaintiff “elected” to perform his job by putting the bag in contact with his leg. To the contrary, the evidence tends to show that the plaintiff generally tried to avoid such contact, and that the contact made here between the defendants’ garbage bag and the plaintiffs leg was unintentional.
In sum, “[w]hether or not [the] plaintiff will ultimately prevail,” under the circumstances of this case, he “is entitled to present [his] claim to a trier of fact” (Vega v Restani Constr. Corp., 18 NY3d at 502). Accordingly, I would reverse the order, and deny the defendants’ motion for summary judgment dismissing the complaint.