■ James Polsky et al., Respondents, v 145 Hudson Street Associates, L.P., et al., Appellants, et al., Defendants. [31 NYS3d 475]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered October 28, 2015, which denied defendants-appellants' motion for summary judgment dismissing plaintiffs' remaining breach of contract claim, unanimously affirmed, with costs.

Issues of fact exist regarding whether defendants breached the parties' purchase agreement and the offering plan (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]). The offering plan, which was incorporated into the purchase agreement, stated that plaintiffs' apartment would be configured as shown in attached floor plans. The attached plans contained two entrances, and did not contain a mechanical room. A reasonable jury could conclude that defendants had breached the contract by conveying to plaintiffs an apartment that required the addition of a mechanical room, thereby prohibiting two entrances. Factual issues also exist regarding whether the addition and prohibition constituted "Permitted Encumbrances," as defined in the purchase agreement, and, if they did, whether they were required to be applied to plaintiffs' individual unit.

Defendants' reliance upon the merger doctrine is unavailing. The merger doctrine in real estate transactions provides that "once the deed is delivered, its terms are all that survive and the purchaser is barred from prosecuting any claims arising out of the contract" (*TIAA Global Invs., LLC v One Astoria Sq. LLC*, 127 AD3d 75, 85 [1st Dept 2015]). An exception to this rule exists, however, where "the parties clearly intended that the particular provision of the contract supporting the claim would survive the delivery of the deed" (*id.*). Here, an issue of fact exists as to whether the exception applies based on the purchase agreement, which provides that "nothing herein contained shall excuse [defendants] from performing those obligations (if any) in the [Offering] Plan to be performed subsequent to the closing." At the very least, this language creates an ambiguity regarding whether defendants' obligation to deliver the apartment in accordance with the representations in the offering plan survived closing and the delivery of the deed (*NFL Enters. LLC v Comcast Cable Communications, LLC*, 51 AD3d 52, 61 [1st Dept 2008]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Acosta, J.P., Renwick, Manzanet-Daniels, Kapnick and Webber, JJ.