16 W. 8th LLC v Gluckman (2019 NY Slip Op 00378)





16 W. 8th LLC v Gluckman


2019 NY Slip Op 00378


Decided on January 22, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 22, 2019

Friedman, J.P., Kapnick, Gesmer, Oing, Moulton, JJ.


8150 162163/14

[*1]16 West 8th LLC, Plaintiff-Respondent,
v
Thomas Gluckman, et al., Defendants-Appellants.


Moritt Hock & Hamroff LLP, New York (Bruce A. Schoenberg of counsel), for appellants.
Morrison Cohen LLP, New York (David J. Kanfer of counsel), for respondent.



Order, Supreme Court, New York County (Manuel J. Mendez, J.), entered September 21, 2017, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the second cause of action and on their counterclaims, unanimously affirmed, with costs.
The second cause of action alleges that defendants breached the indenture that created the so-called Emergency Egress Easement. It is undisputed that an extension to defendants' building blocks the emergency exit door of plaintiff's building. However, there is an issue of fact as to whether this extension "interferes" with the easement as contemplated by the indenture. The first counterclaim is primarily mandatory in nature as it requires plaintiff to accept a substitute means of emergency egress, and the factual issue precludes granting defendants the relief requested. The second counterclaim seeks specific performance of a contract whereby plaintiff allegedly agreed that defendants would relocate plaintiff's emergency exit door at their expense. Given the affidavit submitted by the in-house counsel of plaintiff's managing agent, who was involved in the negotiations, there is a question of fact as to whether the parties ever reached an agreement. Thus, the court properly denied this branch of defendants' motion (see generally Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 22, 2019
CLERK