Ochoa-Hoenes v Finkelstein (2019 NY Slip Op 03795)





Ochoa-Hoenes v Finkelstein


2019 NY Slip Op 03795


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-09893
 (Index No. 14471/11)

[*1]Josue Ochoa-Hoenes, appellant, 
v
Arnold Finkelstein, et al., respondents (and third-party actions).


Sullivan Papain Block McGrath & Cannavo, P.C., New York, NY (Stephen C. Glasser and Gabriel A. Arce-Yee of counsel), for appellant.
Abamont & Associates (Farber Brocks & Zane, LLP, Garden City, NY [Charles T. Ruhl], of counsel), for respondents Arnold Finkelstein and Rhonda Finkelstein.
Mulholland, Minion, Davey, McNiff & Beyrer, Williston Park, NY (Stephen E. Kass and Maryam Nayibova of counsel), for respondent Vesta Development Group.
Bello & Larkin, Hauppauge, NY (Susan A. Murray of counsel), for respondents Signature Builders, Inc., and Signature Building Systems of Pennsylvania.
Baxter Smith & Shapiro, P.C., Hicksville, NY (Arthur J. Smith of counsel), for third-party defendant/second third-party defendant, Quinlan Electric, Inc.
Baron Law Firm, PLLC, East Northport, NY (Gary M. Sunshine of counsel), for third third-party defendant, Nick Sanders.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Peter H. Mayer, J.), dated August 1, 2016. The order, insofar as appealed from, granted those branches of the motion of the defendants Arnold Finkelstein and Rhonda Finkelstein, the separate motion of the defendant Vesta Development Group, and the separate motion of the defendants Signature Builders, Inc., and Signature Building Systems of Pennsylvania, which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained as a result of a construction site accident that occurred on April 19, 2010. The construction involved the erection of a modular home owned by the defendants Arnold Finkelstein and Rhonda Finkelstein. The modular home components were manufactured by the defendant Signature Builders, Inc., or its affiliate, the defendant Signature Building Systems of Pennsylvania (hereinafter together the Signature defendants). The defendant Vesta Development Group (hereinafter Vesta), an authorized representative of Signature Builders, Inc., was hired by the [*2]Finkelsteins to perform construction management services for the project. At the time of the accident, the plaintiff was employed by an electrical contractor hired by the Finklesteins. The accident allegedly occurred while the plaintiff was preparing for the installation of lights in the home's basement. After noticing that a stack of plywood sheets that had been placed against the basement wall was resting on the electrical wires, the plaintiff attempted to move the stack himself, causing it to tip over and strike his right ankle and foot. In his complaint, the plaintiff alleged common-law negligence against the Finkelsteins, Vesta, and the Signature defendants based on their alleged failure to maintain the subject premises and to provide him with a safe work place to work. By order dated August 1, 2016, the Supreme Court granted those branches of the separate motions of the Finkelsteins, Vesta, and the Signature defendants (hereinafter collectively the defendants) which were for summary judgment dismissing the complaint insofar as asserted against each of them. The court concluded that, as a matter of law, the alleged dangerous condition, comprised of a stack of plywood sheets leaning against the basement wall, was both open and obvious and not inherently dangerous, such that the defendants had no duty to warn or protect the plaintiff against it. The plaintiff appeals.
There is no duty to protect or warn against an open and obvious condition which is not inherently dangerous (see Grosskopf v Beechwood Org., 166 AD3d 860; Cupo v Karfunkel, 1 AD3d 48, 52). A complained-of condition is open and obvious when it is readily observable by those employing the reasonable use of their senses (see Scalice v Braisted, 116 AD3d 755; Zegarelli v Dundon, 102 AD3d 958; Misir v Beach Haven Apt. No.1, Inc., 32 AD3d 1002). Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against each of them by presenting evidence that the stack of plywood was open and obvious and not inherently dangerous (Scalice v Braisted, 116 AD3d 755; see Piarino v Nouveau El. Indus., Inc., 116 AD3d 685; Zegarelli v Dundon, 102 AD3d 958). Further, the defendants demonstrated, prima facie, that the plaintiff elected to move the stack of plywood by himself. Where, as here, a worker "confronts the ordinary and obvious hazards of his [or her] employment, and has at his [or her] disposal the time . . . to enable him [or her] to proceed safely, he [or she] may not hold others responsible if he [or she] elects to perform his [or her] job so incautiously as to injure himself [or herself]" (Abbadessa v Ulrik Holding, 244 AD2d 517, 518; see Sepulveda-Vega v Suffolk Bancorp., 119 AD3d 850; Wagner v Wody, 98 AD3d 965, 966; Spence v Island Estates at Mt. Sinai II, LLC, 79 AD3d 936; Steiner v Benroal Realty Assoc., 290 AD2d 551; Marin v San Martin Rest., 287 AD2d 441; Ercole v Academy Fence Co., 256 AD2d 305). Moreover, the Signature defendants demonstrated, prima facie, that they did not owe a duty of care to the plaintiff under the circumstances (see generally Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d 253, 256-257; Church v Callanan Indus., 99 NY2d 104; Espinal v Melville Snow Contrs., 98 NY2d 136).
In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination to grant those branches of the defendants' separate motions which were for summary judgment dismissing the complaint insofar as asserted against each of them.
RIVERA, J.P., AUSTIN, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court