Morris-Wilton v Euphoria Salon & Spa (2020 NY Slip Op 05344)





Morris-Wilton v Euphoria Salon & Spa


2020 NY Slip Op 05344


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, LINDLEY, CURRAN, AND DEJOSEPH, JJ.


417 CA 19-01852

[*1]BRENDA C. MORRIS-WILTON, PLAINTIFF-RESPONDENT,
v
EUPHORIA SALON & SPA, DEFENDANT, AND BECKER ENTERPRISES, INC., DEFENDANT-APPELLANT. 






MCELROY, DEUTSCH, MULVANEY & CARPENTER, LLP, ROCHESTER (THEODORE M. BAUM OF COUNSEL), FOR DEFENDANT-APPELLANT. 
STEVE BOYD, P.C., WILLIAMSVILLE (STEPHEN BOYD OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered June 26, 2019. The order, inter alia, granted plaintiff's cross motion for partial summary judgment on the issue of liability. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the cross motion and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this negligence action seeking damages for injuries she allegedly sustained as a result of exposure to chemicals used on her hair in the course of a coloring treatment at defendant Euphoria Salon & Spa, which is a trade name of Becker Enterprises, Inc. (defendant). Defendant appeals from an order that, inter alia, granted plaintiff's cross motion for partial summary judgment on the issue of liability. We agree with defendant that Supreme Court erred in granting plaintiff's cross motion, and we therefore modify the order accordingly.
It is well settled that, "[o]n a motion for summary judgment, facts must be viewed 'in the light most favorable to the non-moving party' " (Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]). "The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). In order to prevail on her negligence claim, plaintiff was required to " 'demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom' " (Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825 [2016], rearg denied 28 NY3d 956 [2016]). On the record before us, plaintiff's moving papers failed to eliminate all questions of fact whether defendant breached its duty of care to her, and whether that breach was a proximate cause of the injury alleged in her complaint, and thus denial of the cross motion is required regardless of the sufficiency of defendant's opposing papers (see generally Winegrad, 64 NY2d at 853).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court