Curry v Martin (2022 NY Slip Op 06422)

Curry v Martin

2022 NY Slip Op 06422

Decided on November 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 15, 2022

Before: Gische, J.P., Kapnick, Kern, Gesmer, Higgitt, JJ. 

Index No. 31668/18E Appeal No. 16642 Case No. 2022-01543 

[*1]Thornton Curry, as the Administrator of the Estate of Hannah Curry, Plaintiff-Respondent,
v
Lola Lee Martin, Defendant, Mrs. G's Services LLC, Defendant-Appellant.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Judy C. Selmeci of counsel), for appellant.
Denlea & Carton LLP, White Plains (John L. Leifert of counsel), for respondent.

Order, Supreme Court, Bronx County (Andrew Cohen, J.), entered on or about October 4, 2021, which, to the extent appealed from as limited by the briefs, denied defendant Mrs. G's Services LLC's (Mrs. G's) motion for summary judgment dismissing the negligence cause of action against it, unanimously affirmed, without costs.
Plaintiff alleges that Mrs. G's, a home care agency, breached a duty of care to his mother, the decedent, through the actions of its employee, defendant Lola Lee Martin, who allegedly used rusty contaminated scissors, which had been used to cut the decedent's soiled diapers, to remove dead skin from the decedent's foot. Plaintiff further alleges that this act caused a wound that led to an infection and, ultimately, an above-the-knee amputation of the decedent's right leg.
There are triable issues of fact as whether Martin breached a duty of care to the decedent. Mrs. G's made a prima facie showing that Martin did not commit the alleged act, and therefore did not breach a duty of care, by submitting Martin's deposition testimony denying that she used the scissors to trim skin off the decedent's foot. In opposition, plaintiff raised an issue of fact by submitting his testimony that he noticed an odd "straight cut" on the decedent's right foot around the same time that he noticed the pair of scissors lying on the TV stand, as well as a report prepared by Mrs. G's and medical records documenting his complaints that Martin had trimmed the decedent's foot with rusty scissors. Thus, the record raises credibility issues that cannot be resolved on summary judgment (see Vega v Restani Constr. Corp., 18 NY3d 499, 505 [2002]).
There are also triable issues of fact as to whether the alleged negligent act proximately caused the decedent's injuries. On its motion, Mrs. G's submitted the affidavit of its expert, Dr. William Suggs, who opined that decedent's foot infection and subsequent amputation were the result of a blister that deteriorated into an ulcer, and that the injuries were "clinically unavoidable" in view of the decedent's preexisting medical conditions. However, plaintiff submitted the affidavit of her own expert, Dr. David A. Mayer, who otherwise opined that the infection was caused by fecal bacteria, not naturally occurring on common surfaces like other bacteria, and it was likely that
the same scissors used to cut the soiled diaper had been reused on plaintiff's foot. These conflicting expert affidavits raise issues of fact as to whether defendant's alleged negligence resulted in the amputation of plaintiff's leg, warranting denial of its motion.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 15, 2022