Mondrangon v Trustees of Columbia Univ. (2025 NY Slip Op 01871)

Mondrangon v Trustees of Columbia Univ.

2025 NY Slip Op 01871

Decided on March 27, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 27, 2025

Before: Moulton, J.P., Gesmer, Scarpulla, Michael, JJ. 

Index No. 158808/16 595626/18|Appeal No. 3984|Case No. 2024-01061|

[*1]Adan Mondrangon, Plaintiff-Respondent,
v
The Trustees of Columbia University, et al., Defendants-Respondents, Metropolitan Enterprises, Inc., et al., Defendants.
Trustees of Columbia University in the City of New York, Third-Party Plaintiff-Respondent,
v
Absolute Plumbing & Heating Corp., Third-Party Defendant-Appellant.

Law Offices of Kevin P. Westerman, Elmsford (Richard W. Ashnault of counsel), for appellant.
Subin Associates, LLP, New York (Denise A. Rubin of counsel), for Adan Mondrangon, respondent.
Hannum Feretic Prendergast & Merlino, LLC, New York (Mary C. Azzaretto of counsel), for The Trustees of Columbia University in the City of New York, respondent.

Order, Supreme Court, New York County (Eric Schumacher, J.), entered on or about February 9, 2024, which, to the extent appealed from as limited by the briefs, denied third-party defendant Absolute Plumbing & Heating Corp.'s motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.
Plaintiff alleges that, while performing work in the basement of a building owned by defendant Columbia University, he tripped over or became entangled with material, including plumber's net and pipes, on exterior steps leading to the basement. Columbia University asserted claims for indemnification and breach of contract to procure insurance against its plumbing contractor, third-party defendant Absolute, alleging that it was responsible for the condition that caused plaintiff's accident.
Although Absolute presented evidence that its work at the premises in the month before the accident did not involve pipes or any material called "plumber's net," Absolute also submitted the deposition testimony of plaintiff and of Columbia's director of residential services, which would support a finding that Absolute did work in connection with the same basement project that plaintiff was working on and that it could have been the source of the materials left on or near the stairs. While Absolute relied on invoices documenting its work, Columbia's witness testified that Absolute received its "scope of work" for the basement project verbally. Viewing the evidence in the light most favorable to Columbia (see generally Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), the parties' conflicting deposition testimony raises triable issues of fact with respect to the cause of plaintiff's accident, thereby precluding summary judgment (see Asabor v Archdiocese of N.Y., 102 AD3d 524, 527 [1st Dept 2013]). To the extent that plaintiff's testimony was inconsistent with the testimony of his co-worker or unclear concerning the cause of his accident, that presents an issue of credibility for the
jury to determine (see Best v 1482 Montgomery Estates, LLC, 114 AD3d 555 [1st Dept 2014]).
We have considered Absolute's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 27, 2025