■ METRO FOUNDATION CONTRACTORS, INC., Appellant, v MARCO MARTELLI ASSOCIATES, INC., Respondent, et al., Defendant. [912 NYS2d 187]—

Order, Supreme Court, New York County (Melvin L. Schweitzer, J.), entered December 21, 2009, which, upon reargument, denied plaintiff's motion for partial summary judgment, withdrew and vacated its order entered September 16, 2009 granting plaintiff partial summary judgment, and vacated the judgment entered thereon on September 17, 2009 in favor of plaintiff in the total amount of $877,041.87, unanimously affirmed, without costs.

Defendant Marco Martelli Associates, Inc. (MMA), the general contractor, hired plaintiff Metro Foundation Contractors, Inc. (Metro), to perform certain demolition and construction work on property owned by defendant Village Care of New York, Inc.

The court properly found the existence of issues of fact to preclude the award of partial summary judgment (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) as to whether Metro inexcusably defaulted under the subject subcontracts, and as to the propriety of payments made by MMA to Metro's subcontractors and vendors.

The Prompt Payment Act, General Business Law § 756-a, does not give Metro the extraordinary remedy of summary judgment for part performance where there are issues of fact as to whether Metro breached the subcontracts.

Nor did MMA violate article 3-A of the Lien Law when it directly paid trust funds to Metro's subcontractors and vendors, who were the proper trust fund beneficiaries (*see* Lien Law § 71 [2] [a]), assuming the proper amounts were paid.

We have considered Metro's remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Renwick and DeGrasse, JJ.