■ Precast Restoration Services, LLC, Respondent, v Global Precast, Inc., Appellant, et al., Defendants. [17 NYS3d 393]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered September 22, 2014, which, among other things, granted plaintiff's motion for summary judgment on its Prompt Payment Act cause of action against defendant Global Precast, Inc., awarded plaintiff damages, plus interest, costs and disbursements, and severed the action as to defendant, unanimously reversed, on the law, without costs, the motion denied, and the award and severance vacated.

In this action alleging, among other things, defendant's violation of the Prompt Payment Act (General Business Law § 756 *et seq.*), defendant did not waive its affirmative defenses by failing to disapprove plaintiff's invoices (*see Donninger Constr., Inc. v C.W. Brown, Inc.*, 113 AD3d 724, 725 [2d Dept 2014]). Because plaintiff failed to establish an absence of material issues of fact as to the merits of those defenses, its motion should have been denied, without regard to the sufficiency of defendant's proof in opposition to the motion (*see Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012]).

Even if plaintiff had met its burden, defendant submitted

admissible evidence raising material issues of fact (*see Metro Found. Contrs., Inc. v Marco Martelli Assoc., Inc.*, 78 AD3d 594 [1st Dept 2010]), including whether the two oral agreements at issue provided for certain billing cycles that superseded the provisions of the Act (*see* General Business Law § 756-a [1]), and whether plaintiff improperly billed defendant on a time-and-materials basis in violation of alleged provisions of the agreements requiring price-per-square-foot billing (*see* § 756-a [2] [a] [ii] [4]). Further, an issue of fact exists as to whether plaintiff failed to submit "contractually required documentation" with the invoices, thereby excusing defendant of its obligation to approve or disapprove the invoices within 12 business days (§ 756-a [2] [a] [ii]; *see Oppenheimer & Co. v Oppenheim, Appel, Dixon & Co.*, 86 NY2d 685, 690 [1995]). Concur—Mazzarelli, J.P., Acosta, Saxe and Manzanet-Daniels, JJ.