# 213 W. 23rd St. LLC v Crunch Holdings LLC

2024 NY Slip Op 31064(U)

March 28, 2024

Supreme Court, New York County

Docket Number: Index No. 652882/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK:  PART 14

---------------------------------------------------------------------------------X

213 WEST 23RD STREET LLC,

                               Plaintiff,

                   - v -

CRUNCH HOLDINGS LLC, CRUNCH WEST 23RD
STREET, LLC

                           Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 652882/2022 |
| **MOTION DATE** | N/A |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON MOTION**

HON. ARLENE P. BLUTH:

The following e-filed documents, listed by NYSCEF document number (Motion 005) 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 133, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 170, 171, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184

were read on this motion to/for                   SUMMARY JUDGMENT          .

Plaintiff's motion for summary judgment and to dismiss defendants' counterclaims and affirmative defenses is granted in part and denied in part.

**Background**

This action arises from breach of contract claims by plaintiff (the landlord) against defendant tenant Crunch West 23rd Street LLC ("tenant") for breach of the lease and against the good guy guarantor Crunch Holdings, LLC ("guarantor") for breach of the guaranty.

**652882/2022   213 WEST 23RD STREET LLC vs. CRUNCH HOLDINGS LLC ET AL**
**Motion No.  005**

**Page 1 of 12**

1 of 12

Tenant operated a gym on the premises. Before tenant took possession, the prior tenant had also operated a gym there, and so there were already lockers, mirrors, padding and other gym-related furnishings in place.

Plaintiff and tenant entered into a lease agreement in 2013 for a fifteen-year period. At the same time, the Guarantor executed a Good Guy Guaranty, wherein it guaranteed that if the tenant left the premises early, all rent due up to the date of surrender would be paid. There were requirements to make the guaranty effective – such as the premises had to be in broom clean condition, notice of surrender had to be given in writing, and all the rent and additional rent had to be paid through the date of surrender. Although the parties agree the notice given was in accordance with the agreement, they disagree about whether the premises was in broom clean condition and whether the rent was paid up.

On January 25, 2021, both Tenant and Guarantor[1] gave the required 12 month notice of their intent to surrender the premises on January 25, 2022. On December 8, 2021, tenant and guarantor sent a follow-up notice of their intent to surrender on January 25, 2022. The tenant vacated the premises on January 25, 2022. Plaintiff visited the premises on January 25, 2022 and allegedly found extensive damage including graffiti on mirrors, cracked mirrors, holes in the wall, and destroyed tiles; it was also missing gym furnishings that were installed by the prior tenant and present when the tenant took occupancy of the premises. Plaintiff contacted a Crunch executive demanding that Crunch repair the damages (NYSCEF Doc. No. 112).

---

[1] The parties sometimes treat the tenant and guarantor as one entity even though they are not. Often, the employees are listed as "Crunch" employees without specifically indicating which Crunch entity. As the guarantor and tenant have different agreements and different obligations, the Court will try to keep the distinctions clearer, even if the parties sometimes lump them together and/or do not distinguish them.

**652882/2022   213 WEST 23RD STREET LLC vs. CRUNCH HOLDINGS LLC ET AL**
**Motion No.  005**

**Page 2 of 12**

[* 2]

Crunch re-entered the premises to repair/remove/replace the broken mirrors and other items, but upon seeing the extensive disarray this new work caused, plaintiff halted all repair work and kicked the crew out.

**The Motion**

Plaintiff filed this action and contends that the premises was not properly surrendered in accordance with the guaranty for several reasons, including that it was not delivered in broom clean condition in accordance with the lease, that all the rent was not paid up to the date of the alleged surrender and that plaintiff never consented in writing to the surrender. Accordingly, plaintiff claims that the rental obligations continue and that tenant and good guy guarantor are both responsible not only for damages to the premises, but for ongoing rent.

Plaintiff now moves for summary judgment on its claims for breach of the lease and breach of the good guy guaranty and requests that defendants' counterclaims and affirmative defenses be dismissed. Due to the breaches of the lease and guaranty, plaintiff also asserts that defendants are also liable for attorneys' fees and expenses, and defendants' counterclaims for breach of the covenants of quiet enjoyment and declaratory relief should be dismissed.

In opposition, defendants argue that while the *lease* may require restoration of the premises and landlord's consent to surrender, the terms of the good guy guaranty do *not* require compliance with the lease's restoration and surrender provisions to fulfill the guarantor's obligations; the guarantor has the lesser obligation of leaving the premises only broom clean to trigger the end of the guarantor's liability. Additionally, defendants contend that there is an issue of fact as to whether the tenant surrendered the premises in broom clean condition, as defendants assert an unknown third party vandalized the space after the tenant vacated. Furthermore,

**652882/2022 213 WEST 23RD STREET LLC vs. CRUNCH HOLDINGS LLC ET AL**
**Motion No. 005**

**Page 3 of 12**

3 of 12

defendants argue that there is an issue of fact as to whether rent and additional rent was billed and still due when tenant surrendered the premises. Defendants contend that there were no bills for unpaid rent or outstanding common charges. Finally, defendants argue their counterclaim and affirmative defenses should continue, as plaintiff has failed to show that it did not breach the covenant of quiet enjoyment by granting third parties access to the premises.

In reply, plaintiff maintains that defendants failed to secure the landlord's written consent to an early surrender, a necessary component of the surrender as contemplated by the lease (NYSCEF Doc. No. 95 at 17 § 24). Additionally, plaintiff asserts that there is no issue of fact as to whether defendants left the premises in broom clean condition; plaintiff attaches pictures, which it claims show it. Moreover, plaintiff argues that defendants did not meet their additional rent obligations, failing to restore the premises or pay its outstanding common charges. Plaintiff argues that a guarantor is responsible for any damages that accrued after the tenant vacates the premises, and here is no exception. Furthermore, plaintiff argues the counterclaim for breach of quiet enjoyment should be dismissed because the tenant abandoned the space and plaintiff was under no obligation to maintain quiet enjoyment. Finally, plaintiff argues defendants' affirmative defenses should be disregarded because any alleged vandalism is irrelevant.

**Discussion**

To be entitled to the remedy of summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853, 487 NYS2d 316 [1985]). The failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers

**652882/2022   213 WEST 23RD STREET LLC vs. CRUNCH HOLDINGS LLC ET AL**
**Motion No.  005**

**Page 4 of 12**

4 of 12

[* 4]

(*id*.). When deciding a summary judgment motion, the court views the alleged facts in the light most favorable to the non-moving party (*Sosa v 46th St. Dev. LLC*, 101 AD3d 490, 492 [1st Dept 2012]).

Once a movant meets its initial burden, the burden shifts to the opponent, who must then produce sufficient evidence to establish the existence of a triable issue of fact (*Zuckerman v City of New York,* 49 NY2d 557, 560, 427 NYS2d 595 [1980]). The court's task in deciding a summary judgment motion is to determine whether there are bonafide issues of fact and not to delve into or resolve issues of credibility (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505, 942 NYS2d 13 [2012]). If the court is unsure whether a triable issue of fact exists, or can reasonably conclude that fact is arguable, the motion must be denied (*Tronlone v Lac d'Amiante Du Quebec, Ltee,* 297 AD2d 528, 528-29, 747 NYS2d 79 [1st Dept 2002], *affd* 99 NY2d 647, 760 NYS2d 96 [2003]).

As for the tenant, Crunch West 23rd Street, LLC, the Court finds that it is liable for any damages under the lease and summary judgment as to liability is granted against it. The amount of damages to be assessed against the tenant will be determined at trial.

However, the Court denies the motion with respect to the guarantor. Plaintiff has not shown that it is entitled to judgment, not on liability and not on damages, against the guarantor on the subject good guy guaranty.

The good guy guaranty provides that "by the Surrender Date Tenant shall then have performed all of the following: (a) Tenant is current on all of the rent and additional rent obligations under the Lease (b) vacated and surrendered the Demised Premises to Landlord (or its managing agent) free of all subleases or licensees and in broom clean condition, and so notified Landlord or such agent in writing. . ." (NYSCEF Doc. No. 95 at 47). As there is no

**652882/2022  213 WEST 23RD STREET LLC vs. CRUNCH HOLDINGS LLC ET AL**
**Motion No.  005**

**Page 5 of 12**

5 of 12

[* 5]

question of any third parties claiming a right of possession, the two issues analyzed here are whether all the rent and additional rent was paid and whether the premises was in "broom clean" condition pursuant to the guaranty. Plaintiff makes much ado about the lack of plaintiff's consent to vacatur, and so that will be addressed first.

**Landlord's Consent**

Plaintiff argues that both defendants never received its consent in writing to surrender the lease and claims both parties are liable for ongoing rent. The lease provides that "No act or thing done by Owner or Owner's agents during the term hereby demised shall be deemed in acceptance of a surrender of said Demised Premises and no agreement to accept such surrender shall be valid unless in writing signed by Owner," (NYSCEF Doc. No. 95 at 17 § 24).

The guaranty, however, does not contain a similar clause. Nothing in the good guy guaranty requires the landlord's consent to end the guarantor's liability. Of course, that makes perfect sense – the whole point of a good guy guaranty is to cut off the guarantor's liability once all rent is paid and the premises are turned over in whatever condition has been agreed. It would make no sense at all if the landlord could, in effect, unilaterally veto the use of the good guy guaranty. Under similar circumstances, this Court has found that reading a good guy guaranty to require a landlord's consent makes no sense (*see Daval 37 Assoc. LLC v Alamoda Fascination LLC,* 2021 N.Y. Misc. LEXIS 196 [(Sup Ct, NY County 2021, Index No. 656273/2019] [finding that a good guy guarantor's responsibility ended when the tenant surrendered the keys and vacated the unit and did not require a landlord's written consent]).

If the lease required the tenant to get the landlord's consent to surrender, that is between those parties and the tenant's rental obligations might continue if there was no consent. The

652882/2022   213 WEST 23RD STREET LLC vs. CRUNCH HOLDINGS LLC ET AL
Motion No.  005

Page 6 of 12

6 of 12

[* 6]

"good guy" guarantor, however, did not need the landlord's consent to cut off its liability. That is the whole point of the "good guy" aspect of the guaranty – even if the tenant's obligations continue, the guarantor's liability ends when the keys are returned, all rent is paid and the place is left in whatever condition to which the parties agreed.

**Broom Clean**

Broom clean condition "means, at the very least, that the premises be free of garbage, refuse, trash, and other debris," (*1710 Realty, LLC v Portabella 308 Utica, LLC*, 189 AD3d 944, 949, 138 NYS3d 523 [2d Dept 2020]; *see also 1029 Sixth, LLC v. Riniv Corp.*, 9 AD3d 142, 147, 777 NYS2d 122 [1st Dept 2004] [finding that a tenant leaving behind garbage bags, refuse and shelving violated the broom clean provision of a lease]).

Under this guaranty, there is no clause that incorporates the broom clean condition required under the lease into the guaranty. Sometimes parties negotiate guarantees that provide that the premises must be left in the condition required under the lease; this guaranty does not. In short, in this case, the tenant's and the guarantor's "broom clean" conditions are not the same. The lease requires that the tenant leave the premises "broom clean, in good order and condition, ordinary wear excepted, and tenant shall remove all its property. Tenant's obligation to observe or perform this covenant shall survive the expiration or other termination of this lease," (NYSCEF Doc. No. 95 at 15). On the other hand, the guarantor must only make sure it is "broom clean". This shows that the guarantor's obligation was less than the tenant's.

The condition of the premises was clearly documented. Here, it is undisputed that on the day of vacatur, the premises had holes in the walls and floors, graffiti, and damaged mirrors (NYSCEF Doc. Nos. 127, 177). However, there is no claim that there was garbage strewn about.

652882/2022  213 WEST 23RD STREET LLC vs. CRUNCH HOLDINGS LLC ET AL
Motion No.  005

Page 7 of 12

That is, there is no claim that the guarantor failed to adhere to the "broom clean" obligation in the good guy guaranty. As for the tenant, it is a question of fact whether the premises complied with the broom clean condition required under the lease.

There is an issue of fact as to what happened after the initial walkthrough, but that does not change the guarantor's obligations or performance. That is, a Crunch executive testified that on the day of the initial walkthrough, plaintiff instructed defendants to "demolish" mirrors on the premises (NYSCEF Doc. No. 97 Kovacs Dep. 51:9-11). Plaintiff disagrees and claims it asked defendants to replace the mirrors, but that defendants "didn't have an obligation to remove the mirrors," (NYSCEF Doc. No. 142 Marks Dep. 82:19-21). According to defendants, "plaintiff told [them] to leave after [they] started removing the mirrors. [They] went back to clean up the mirror garbage the next day and he asked [defendants] to not come back," (Kovacs Dep. 42:8-11). Moreover, "[plaintiff] asked [them] not to go back and put the mirrors up," (Kovacs Dep. 78:17-18). Plaintiff even admits he asked the workers to stop (NYSCEF Doc. No. 127 at 5).

Whether this was an honest miscommunication – the defendants thought the plaintiff wanted the mirrors removed – or was a nasty destruction of property – is a material issue of fact, and the factfinder will have to evaluate the witnesses' testimony and other evidence. But what is clear is that the smashed mirrors are a major factor in plaintiff's claim for damages and plaintiff's claim that the premises was not left in broom clean condition.

Focusing on the "broom clean" standard in the guaranty, the Court finds that this mirror issue of fact goes to the tenant's obligations, not the guarantor's. There is no question, as both parties agree, that plaintiff asked Crunch to repair and replace damaged mirrors and then halted the project before it could be completed, and that plaintiff kicked the workers out before they

652882/2022   213 WEST 23RD STREET LLC vs. CRUNCH HOLDINGS LLC ET AL                    Page 8 of 12
Motion No.  005

8 of 12

could clean up – resulting in broken mirrors and debris scattered around the premises (*see* NYSCEF Doc. No. 127; No. 97 Kovacs Dep. 51:9-11).

Plaintiff cannot blame the guarantor for the mess left after plaintiff told the workers to stop work and kicked the crew out. Even if the factfinder finds the tenants vandalized the premises after being asked to fix the mirrors, that does not change the fact that the day before, when the guarantor was ready to surrender, the space was in "broom clean" condition in accordance with the guaranty.

In other words, with respect to the guarantor, on the date of surrender there is no question that the premises was in "broom clean" condition in accordance with the guaranty. There is a question of fact, however, about whether it was good enough for the tenant in accordance with the lease. In any event, the landlord cannot blame either defendant for the failure to clean up the broken glass and debris after the vacatur because the landlord stopped the project and kicked the workers out, preventing defendants from cleaning up.

In summary, as for the guarantor's responsibility to leave the premises "broom clean" in accordance with the guaranty, there is no indication that the premises did not meet the "broom clean" condition on the date of the walkthrough. And to the extent that the day after the walkthrough there were smashed mirrors and related debris left in the premises, that cannot be held against the guarantor because the plaintiff kicked the workers out and did not let them clean up.

As for the tenant's obligation to leave the premises in "broom clean" condition and to restore certain items, these are issues of fact. For example, the tenant rented space that was a gym and the tenant continued to operate as a gym. When the tenant rented it, there were lockers. Over the course of the lease, the tenant replaced the lockers and disposed of the prior tenant's

**652882/2022   213 WEST 23RD STREET LLC vs. CRUNCH HOLDINGS LLC ET AL**
**Motion No.  005**

**Page 9 of 12**

9 of 12

lockers. When the tenant vacated, it took the lockers it installed and left holes in the floor and other places where the lockers were affixed. The landlord claims the tenant had to leave the premises with lockers. That cannot be resolved on the record of this motion.

The Court cannot award summary judgment to plaintiff against the tenant or guarantor when it is unclear to what extent plaintiff played a role in either increasing the damages or preventing the defendants from mitigating them. Furthermore, the Court cannot find that the guarantor failed to leave the premises in broom clean condition as required by the guaranty.

**The Rent**

According to the guaranty, all rent and additional rent had to be current through the date of vacatur. According to plaintiff, the additional rent owed included $17,059.90 for the last month that the tenant occupied the premises. According to defendants, they paid every bill they received.

Plaintiff offered a letter from the property manager alleging that the tenant was billed monthly via email (NYSCEF Doc. No. 183); however, no bill or email was produced to prove that any common charges were outstanding. There was no documentation submitted that even demonstrates how these charges were calculated, whether they are the same each month, and at what time during the month the email is sent to the tenant.

First, no bill for this amount was uploaded. It has not been shown that it was ever sent. Certainly, to fulfill its burden on summary judgment, the least plaintiff would have to do is upload the bill it claims is unpaid accompanied by sworn testimony explaining how and when it was sent to defendants. Here, in response to defendants' claim that it never got the bill, plaintiff uploaded a letter from its managing agent to say it, and not plaintiff, sent bills. Tellingly, that

652882/2022   213 WEST 23RD STREET LLC vs. CRUNCH HOLDINGS LLC ET AL          Page 10 of 12
Motion No.  005

10 of 12

managing agent did not upload any bill for the amount in question and swear that she sent it, how she sent it, or when she sent it. Thus, there is no proof as a matter of law that the tenant owed any money at the time of surrender.

**Summary**

Plaintiff moved for summary judgment and plaintiff failed to meet its burden. Plaintiff did not show that the guarantor failed to fulfill its obligations under the guaranty to pay all the rent due to the date of surrender because the plaintiff did not show that it sent defendant a bill for the amount plaintiff claims was not paid. Plaintiff also failed to show that the guarantor failed to leave the premises in accordance with the guaranty's "broom clean" requirement. And, as a matter of law, the landlord's refusal to give the tenant consent to surrender under the lease cannot nullify the "good guy" aspect of the good guy guaranty; that is, the landlord's unilateral refusal to sign a form does not magically transform a good guy guaranty into a full and unconditional guaranty.

As for the tenant, it left early and owes rent, but the amount of rent is unclear. Plaintiff's claims of damages, both the amount and type, need to be proven at trial. As for the guarantor, plaintiff failed to show, on these papers, that any money was due when the premises was surrendered. Therefore, summary judgment is denied.

For the reasons stated above, the Court also finds plaintiff failed to prove entitlement to dismissal of defendants' counterclaims and affirmative defenses.

Therefore, it is hereby

ORDERED that plaintiff's motion for summary judgment is granted only to the extent that plaintiff is entitled to summary judgment on liability on its first cause of action against only

652882/2022   213 WEST 23RD STREET LLC vs. CRUNCH HOLDINGS LLC ET AL
Motion No.  005

Page 11 of 12

11 of 12

defendant Crunch West 23rd Street LLC and denied with respect to the remaining relief requested.

| 3/28/2024 | | | | |
|-----------|--|--|--|--|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|------------|--|---------------|--|---|----------------------|--|--|
| | | GRANTED | | DENIED | X | GRANTED IN PART | X | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |