**Pagliuca v Broome Prop. Owner JV LLC**

2024 NY Slip Op 32470(U)

July 22, 2024

Supreme Court, New York County

Docket Number: Index No. 155510/2020

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**                    PART                 33M

*Justice*

-------------------------------------------------------------------------X

ANTHONY PAGLIUCA,

                            Plaintiff,

                  - v -

BROOME PROPERTY OWNER JV LLC, TRITON
CONSTRUCTION COMPANY, LLC

                           Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155510/2020 |
| MOTION DATE | 06/15/2024 |
| MOTION SEQ. NO. | 001 |

**AMENDED DECISION + ORDER
ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 82, 83, 84

were read on this motion to/for _____ JUDGMENT - SUMMARY _____.

Upon the foregoing documents, Plaintiff Anthony Pagliuca's ("Plaintiff") motion for partial summary judgment on his Labor Law § 240(1) claim is denied.[1]

## I.  Background

On February 13, 2019, Plaintiff was working at 100 Varick Street a/k/a 565 Broome Street, New York, New York (the "Premises") (NYSCEF Doc. 87 at ¶¶ 1-2). The Premises are owned by Defendant Brome Property Owner JV LLC ("Broome") (NYSCEF Doc. 61). The general contractor at the Premises was Defendant Triton Construction Company LLC ("Triton") (*id.*). The premises are a 25-story building (NYSCEF Doc. 60 at 15:12-22). Plaintiff was a marble setter employed by Jantile Inc. (NYSCEF Doc. 58 at 122-23). Jantile, Inc. was a subcontractor of Triton (NYSCEF Doc. 62). Plaintiff was a foreman and worked with his apprentice, Gabe Hernandez

---

[1] This Amended Decision and Order specifically recalls and supersedes the Court's prior order dated July 12, 2024 to correct a typographical error in the decretal paragraphs.

(NYSCEF Doc. 58 at 173-74). Plaintiff installed large marble countertops in kitchens at the Premises (*id.* at 156-57; 220).

A hoist was used to get new material upstairs, including the large pieces of marble countertops (*id.* at 202; 209:2-16). Before his accident, Plaintiff testified he complained that the hoists were taken down (*id.* at 192:2-8).

When the hoist was not up, Plaintiff had to roll the countertops off a truck, to the ground floor, and push them towards an elevator to move them to higher floors (*id.* at 202:17-25). Without the hoist, Plaintiff had to pick up physically the marble countertops and make them fit into the elevator (*id.* at 223:6-22). The countertops that Plaintiff was moving on the date of his accident were 3 ½ feet wide, 9 feet long, and an inch and a quarter thick (*id.* at 263:22-25). Plaintiff testified he and his colleague shimmied the countertop above his head into the elevator diagonally until they moved the countertop vertically into the elevator (*id.* at 272:2-8; 284). During this process, the stone fell on Plaintiff's shoulder (*id.* at 285). Plaintiff testified the stone was between 7 to 9 feet high when it fell (*id.* at 287). Plaintiff was trapped between the stone and the elevator when it fell (*id.* at 296:9-12).

A representative of Triton, Paul Smith, provided deposition testimony (NYSCEF Doc. 60). Mr. Smith confirmed that there were two hoists at the North Tower of the Premises where Plaintiff was working (*id.* at 20:3-7). Mr. Smith also confirmed that Triton made the decision to have the hoists removed a few months prior to Plaintiff's injury (*id.* at 37; 39:5-7). Mr. Smith admitted the service elevator in use at the time of Plaintiff's accident was 12 feet high and admitted that Triton implemented safety procedures at the Premises (*id.* at 43:3-6; 47:5-9). Mr. Smith indicated that the Plaintiff may have been working on the 22nd floor on the date of his accident (*id.* at 88:9-11). Mr. Smith met Plaintiff on the day of the accident and asked how he hurt his arm, to which Plaintiff

**155510/2020  PAGLIUCA, ANTHONY vs. BROOME PROPERTY OWNER JV LLC**
**Motion No. 001**

**Page 2 of 4**

2 of 4

[* 2]

allegedly responded "I have been lifting these pieces of stone for 35 years and my arm is hurting." (*id.* at 115:12-16).

Plaintiff now moves for summary judgment on his Labor Law § 240(1) claim. Plaintiff argues summary judgment is appropriate because he was injured due to Defendants' removal of the hoists despite large and heavy slabs of marble needing to be transported up many floors. Defendants oppose by proffering the witness affidavits of Paul Smith and Rajendra Shrestha. These witnesses state that Plaintiff told them there was no accident and he was injured due to years of moving heavy stones. Defendants argue this discrepancy creates an issue of fact. In reply, Plaintiff argues that Defendants cannot rely on his inadmissible hearsay statements to create an issue of fact.

## II. Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

Viewing the facts in the light most favorable to the non-movants, Plaintiff's contradictory statements raises an issue of fact as to whether the marble was a falling object to bring his injury within the ambit of Labor Law § 240(1). This is compounded by the affidavit of Rajendra Shrestha who likewise testified the marble blocks did not have to be lifted to enter the elevator. It is for the

155510/2020 PAGLIUCA, ANTHONY vs. BROOME PROPERTY OWNER JV LLC
Motion No. 001

Page 3 of 4

3 of 4

trier of fact to determine whether Plaintiff was injured due to his decades of heavy manual labor, or as a result of a falling marble block.

Accordingly, it is hereby,

ORDERED that Plaintiff Anthony Pagliuca's motion for partial summary judgment on his Labor Law § 240(1) claim is denied; and it is further

ORDERED that within ten days of entry, counsel for Defendants shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment accordingly.

This constitutes the Decision and Order of the Court.

| 7/22/2024 | | | | _May V Rosa JSC_ |
|---|---|---|---|---|
| DATE | | | | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | x | DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

155510/2020  PAGLIUCA, ANTHONY vs. BROOME PROPERTY OWNER JV LLC
Motion No. 001

Page 4 of 4

4 of 4