| **Toll NY II LLC v 185 Varick Realty Corp.** |
|:---:|
| 2024 NY Slip Op 34388(U) |
| December 17, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 650968/2024 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**      PART      **14**

*Justice*

-----------------------------------------------------------------------------X

TOLL NY II LLC

                    Plaintiff,

- v -

185 VARICK REALTY CORP.,

                    Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 650968/2024 |
| **MOTION DATE** | 12/16/2024 |
| **MOTION SEQ. NO.** | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 32, 33, 34, 35, 36, 37, 38, 39, 40

were read on this motion to/for          JUDGMENT - SUMMARY          .

Plaintiff's motion for summary judgment is granted in part and denied in part.

**Background**

Plaintiff, a property developer, contends that it was developing a property at 82 King Street in Manhattan and, as part of the project, it entered into a license agreement in November 2017 with defendant. Plaintiff insists that this agreement allowed plaintiff a temporary license to access defendant's property located right next to the development site. This access was purportedly necessary so that plaintiff could do certain tasks, such as conducting a pre-construction survey and performing protective measures such as vibration monitoring and installing scaffolding.

Plaintiff alleges that it also entered into a supplemental agreement it refers to as a rider in which it was to deposit $150,000 to be held by defendant as a security deposit. According to plaintiff, in May 2018, it entered into an amended license agreement with defendant in which $125,000 was to be sent back to plaintiff and that $25,000 would be remain as security deposit.

**650968/2024 TOLL NY II LLC vs. 185 VARICK REALTY CORP.**      Page 1 of 6
**Motion No. 001**

Plaintiff contends it has received nothing and brings this case for the return of the entire $150,000.

Plaintiff now brings a motion for summary judgment and focuses on the terms of the amended license agreement. It claims that under this agreement, it was to be refunded $125,000 and that $25,000 would remain as security. Plaintiff argues that the defendant directed the escrow agent to not deliver the $125,000 and that the $25,000 should also be released because plaintiff successfully completed the project.

In opposition, defendant contends that plaintiff cause substantial damage to its property. It attaches the affidavit of defendant's president who details damage to heat pumps on the roof of a garage, construction debris left behind, damage from concrete splatter as well as expenses incurred by defendant related to engineering and architect fees to evaluate the damage. Defendant argues that plaintiff simply did not protect and safeguard defendant's property throughout the project.

In reply, plaintiff insists that defendant did not raise a trial issue of fact concerning the breach of the license agreements.

**Discussion**

To be entitled to the remedy of summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853, 487 NYS2d 316 [1985]). The failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers (id.). When deciding a summary judgment motion, the court views the alleged facts in the light

most favorable to the non-moving party (*Sosa v 46th St. Dev. LLC*, 101 AD3d 490, 492, 955 NYS2d 589 [1st Dept 2012]).

Once a movant meets its initial burden, the burden shifts to the opponent, who must then produce sufficient evidence to establish the existence of a triable issue of fact (*Zuckerman v City of New York*, 49 NY2d 557, 560, 427 NYS2d 595 [1980]). The court's task in deciding a summary judgment motion is to determine whether there are bonafide issues of fact and not to delve into or resolve issues of credibility (*Vega v Restani Constr. Corp.,* 18 NY3d 499, 505, 942 NYS2d 13 [2012]). If the court is unsure whether a triable issue of fact exists, or can reasonably conclude that fact is arguable, the motion must be denied (*Tronlone v Lac d'Amiante Du Quebec*, *Ltee,* 297 AD2d 528, 528-29, 747 NYS2d 79 [1st Dept 2002], *affd* 99 NY2d 647, 760 NYS2d 96 [2003]).

**The $125,000**

Both parties agree that they entered into an amended license agreement in May 2018. This agreement states, in relevant part, that "(a) Licensor and Licensee hereby direct Escrow Agent to: (i) refund One Hundred Twenty Five Thousand and No[sic]/100 ($125,000.00) Dollars of the Original Security to Licensee; and (ii) retain and hold the remaining Twenty Five Thousand and No[sic]/100 ($25,000.00) Dollars as a security deposit ("Security") in accordance with the terms herein" (NYSCEF Doc. No. 22, § [9][a]).

Plaintiff clearly met its prima facie burden for summary judgment with respect to the $125,000. The above contractual provision clearly requires that amount to be returned to plaintiff and plaintiff contends that it has not received this money due to defendant's objection with the escrow agent.

In opposition, defendant failed to raise a material issue of fact with respect to the $125,000. When addressing this contractual provision, defendant argued that at the time this agreement was signed, plaintiff had already damaged its property (NYSCEF Doc. No. 33 at 5). However, defendant did not expound upon this contention. It did not discuss when it acquired knowledge about the purported damage or claim, for instance, that it was hoodwinked into agreeing to return the $125,000. This vague assertion is not a basis to ignore this clear contractual provision, which provides that plaintiff was to receive a return of $125,000 (out of the original $150,000 deposit). Defendant did not cite to any exceptions in the contract that modifies the above-cited language.

That plaintiff may have damaged defendant's property prior to this signing of this agreement only raises questions about why defendant entered into a contract with this provision. Simply put, defendant did not raise a sufficient reason for how this Court could ignore an agreement defendant admits it signed. The escrow agent is directed to return $125,000 to plaintiff within ten days of being served with this order with notice of entry.

**The Remaining Claims**

The Court denies the remaining branches of plaintiff's motion as premature as no discovery has been completed (*see Guzman v City of New York,* 171 AD3d 653, 99 NYS3d 286 [1st Dept 2019]).

Clearly, more discovery is required to explore whether or not plaintiff is entitled to any of the remaining $25,000 in the security deposit. Defendant now contends that plaintiff caused significant damage to its property and that it has a good reason to withhold its consent for the release of the remaining money. And plaintiff did not offer a sufficient reason in reply to justify awarding of the remaining $25,000 as a matter of law. There is little dispute that the $25,000 was

[* 4]

to be held in escrow and only released upon the terms set forth in paragraph 9(f) of the amended license agreement (*see* NYSCEF Doc. No. 22).  Discovery is needed to explore the extent to which those terms were satisfied. And, similarly, the Court is unable to find that plaintiff is entitled to summary judgment on its second claim for unjust enrichment as defendant argues it suffered damages totaling over $300,000.

More discovery is also necessary to explore the veracity and viability of defendant's counterclaims for breach of contract and contractual indemnification. Plaintiff's main argument in support of dismissing these claims is that defendant materially breached the contract first and therefore, defendant is wholly barred from recovery as it allegedly repudiated the contract. But the caselaw defendant cites is inapposite to the instant situation.  There is no basis to find, at this stage of the case, that defendant repudiated the contract.

"A repudiation can be either a statement by the obligor to the obligee indicating that the obligor will commit a breach that would of itself give the obligee a claim for damages for total breach or a voluntary affirmative act which renders the obligor unable or apparently unable to perform without such a breach" (*EPAC Tech., Inc. v John Wiley & Sons, Inc.*, 225 AD3d 53, 57, 205 NYS3d 372 [1st Dept 2024] [internal quotations and citations omitted]). Here, plaintiff was obligated to protect defendant's property—that ability was not rendered impossible by defendant's decision to block the return of the security deposit.  Under plaintiff's interpretation, once defendant blocked the escrow agent from sending plaintiff the deposit, plaintiff could have theoretically knocked down defendant's building without any threat of liability to defendant. That reasoning is not contemplated under contract law.

**Summary**

As noted above the vast majority of plaintiff's claims and defendant's counterclaims require discovery. Not a single conference has occurred in this case; in fact, plaintiff made this motion about two weeks after the Court uploaded a notice scheduling a preliminary conference. The Court cannot make findings as a matter of law about the alleged damage to defendant's property and the $25,000 remaining the deposit at this stage of the litigation.

However, the record compels the Court to find that plaintiff is entitled to the $125,000 pursuant to the May 2018 amended license agreement. Defendant did not cite a sufficient reason for how this Court can ignore that particular provision. Indeed, the fact that the agreement was signed after plaintiff had allegedly already caused damage to defendant's property is not a basis to sidestep this paragraph- it is a reason to enforce it.

Accordingly, it is hereby

ORDERED that plaintiff's motion for summary judgment is granted only to the extent that it is entitled to the $125,000; and it is further

ORDERED that the escrow agent is directed to disburse the $125,000 to plaintiff within ten days of being served with this order with notice of entry; and it is further

ORDERED that the remaining branches of plaintiff's motion are denied.

See NYSCEF Doc. No. 31 concerning the next conference.

| 12/17/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

[* 6]