## Graham v N.Y.C. Funeral & Cremation Serv. Inc.

2025 NY Slip Op 30086(U)

January 10, 2025

Supreme Court, New York County

Docket Number: Index No. 156863/2020

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. MARY V. ROSADO**      PART      **33M**

*Justice*

-----------------------------------------------------------------X

JACQUELINE GRAHAM, ALICIA ELIZABETH GRAHAM

Plaintiff,

- v -

N.Y.C. FUNERAL & CREMATION SERVICE
INC.,GREENWOOD CREMATORY,

Defendant.

-----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 156863/2020 |
| MOTION DATE | 02/23/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61

were read on this motion to/for      JUDGMENT - SUMMARY     .

Upon the foregoing documents, and a final submission date of August 27, 2024, Defendant Rosemount Memorial Park Association i/s/h/a Greenwood Crematory's ("Greenwood") motion for summary judgment dismissing Plaintiffs Jacqueline Graham ("Jacqueline") and Alicia Elizabeth Graham's ("Alicia") (collectively "Plaintiffs") Complaint and crossclaims asserted against it is granted in part and denied in part. Defendant N.Y.C. Funeral & Cremation Service Inc.'s ("NYC Funeral") cross motion for summary judgment dismissing all claims and crossclaims against it is granted in part and denied in part.

## I.    Background

This is an action arising from the alleged mishandling of the remains of Jennifer Stokes (the "Decedent"). Jacqueline is Decedent's sister. Alicia is Decedent's niece. Decedent passed away on April 1, 2020. Jacqueline sought to have Decedent cremated. Jacqueline entered a contract with NYC Funeral to arrange for Decedent's cremation. The day after Decedent passed, on April 2, 2020, NYC Funeral informed Plaintiffs that since Decedent's cause of death was Covid-19

156863/2020 GRAHAM, JACQUELINE vs. N.Y.C. FUNERAL & CREMATION      Page 1 of 7
Motion No. 001

1 of 7

related, they required an additional $400.00 fee. The fee was paid and on April 3, 2020, Jacqueline called NYC Funeral to inquire as to the status of cremating the Decedent. First, NYC Funeral informed Plaintiffs they could not locate decedent's body. Then, NYC Funeral informed Plaintiffs that Decedent's remains were found, and the remains were released finally on April 7, 2020. Her remains were cremated on April 11, 2020 (NYSCEF Doc. 25 at 50). Plaintiffs received the remains on April 27, 2020 (*Id.* at 50). The remains were labelled as belonging to "Jessica Stokes" (*Id.* at 53). Greenwood called Jacqueline and told her there was an error with labelling of the remains (*Id.* at 72-75).

## II. Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.*, 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

### B. Loss of Sepulcher

Defendants' motion and cross-motion for summary judgment dismissing Plaintiffs' loss of sepulcher claim is granted in part and denied in part. Defendants are correct that a claim for loss of sepulcher is limited to the decedent's next of kin (*see generally Rugova v City of New York*, 132 AD3d 220 [1st Dept 2015]). New York Public Health Law § 4201 defines who has priority and

**156863/2020 GRAHAM, JACQUELINE vs. N.Y.C. FUNERAL & CREMATION**
**Motion No. 001**

Page 2 of 7

2 of 7

[* 2]

responsibility for the disposition of a decedent's remains. Pursuant to § 4201, a decedent's domestic partner has priority as next of kin over a decedent's surviving siblings. There is no evidence that Rick and the decedent were registered as domestic partners or that Rick was recognized as a beneficiary under Decedent's health insurance, therefore Rick does not qualify as a domestic partner under § 4201(1)(c)(i) or (ii). Thus, for Defendants to be entitled to summary judgment based on Plaintiffs' lack of standing, they must show that Rick qualified as a domestic partner under § 4201(1)(c)(iii) which calls for a totality of the circumstances approach. The statute requires evidence indicating a mutual intent to be domestic partners, including common ownership or joint leasing of property, common householding, shared income, children in common, or an intent to marry or become domestic partners.

Here there is evidence that they lived together for about 10 years, and Decedent and Rick shared two children. However, there is no evidence of joint leasing or shared income. Moreover, given Defendants' heavy burden, and the lack of any testimony from Rick detailing his relationship to Decedent, the Court cannot find that Defendants have met their prima facie burden of showing that as a matter of law Rick maintained priority over Jacqueline as next of kin. Further, there is a triable issue of fact as to whether Rick had the capacity or willingness to serve as next of kin (*see also Shepherd v Whitestar Dev. Corp.*, 113 AD3d 1078 [4th Dept 2014]). Thus, Jacqueline, as Decedent's surviving sibling, has standing to bring this action pursuant to Public Health Law § 4201(2)(a)(v).

NYC Funeral's argument that they are entitled to summary judgment regardless of Plaintiffs' standing because it did not interfere with Plaintiffs' right to immediate possession of the remains is denied. While the Court is mindful that Decedent's remains were cremated during the very beginning of the Covid-19 pandemic, in the epicenter of the pandemic in the United States,

**156863/2020  GRAHAM, JACQUELINE vs. N.Y.C. FUNERAL & CREMATION**          **Page 3 of 7**
**Motion No.  001**

3 of 7

[* 3]

it is for a jury to decide whether NYC Funeral's decision to charge an additional $400.00 to remove Decedent's body, without any notice, and whether the lengthy delay of removing Decedent's body from the morgue, was reasonable under the circumstances. Further, as NYC Funeral selected Greenwood to carry out the cremation, NYC Funeral may be vicariously liable for Greenwood's errors in shipping and labeling the remains (*see generally Parlato v Equitable Life Assur. Soc. Of U.S.*, 299 AD2d 109 [1st Dept 2002]). However, Jacqueline, as Decedent's surviving sibling, maintains priority as next of kin over Alicia, who is Decedent's niece. Alicia's loss of sepulcher claim is therefore dismissed.

### C. Negligent and Intentional Infliction of Emotional Distress

The negligent and intentional infliction of emotional distress claims are dismissed as duplicative of the loss of sepulcher claim (*Melfi v Mount Sinai Hosp.*, 64 AD3d 26 [1st Dept 2009]; *Stanley v City of New York*, 71 Misc.3d 171 [Sup. Ct., NY Co. 2020]). Damages for loss of sepulcher are limited to emotional suffering experienced by the next of kin because of the interference with the right of sepulcher (*Shipley v City of New York*, 25 NY3d 645 [2015]). Therefore, the negligent and intentional infliction of emotional distress claims, which seek to recoup damages related to Plaintiffs' psychological injuries arising from the alleged mishandling of Decedent's remains, are indistinguishable from the loss of sepulcher claim.

### D. Breach of Contract

As a preliminary matter, Alicia is not a party to a contract with Greenwood or NYC Funeral and therefore her breach of contract claims are dismissed. As to Greenwood and Jacqueline, the cremation authorization form (NYSCEF Doc. 48) may be considered an agreement for cremation services. The form holds itself out as "a legal document," contains an indemnification and hold harmless clause, was signed by Jacqueline, and contained terms for shipping Decedent's remains

**156863/2020 GRAHAM, JACQUELINE vs. N.Y.C. FUNERAL & CREMATION**          **Page 4 of 7**
**Motion No. 001**

[* 4]                                   4 of 7

after cremation. It purportedly contained several other terms and conditions on the back of the form, which are not included in the record. Given this form which contains several terms and conditions, all of which have not been provided to the Court, the Court cannot state find as a matter of law that Greenwood has established its prima facie burden of showing no contract exists.

Moreover, there are issues of fact as to whether Greenwood performed according to the terms, and whether Jacqueline suffered damages because of Greenwood's breach. Although Greenwood avers that it performed because Jacqueline received Decedent's remains, that is an issue of fact for the jury. The remains received were incorrectly labeled and when questioned whether Greenwood investigated as to whether the correct remains were shipped, Mr. Baratta could not testify how he knew with certainty the correct remains were shipped. Therefore, Greenwood's motion seeking dismissal of Jacqueline's breach of contract claim is denied.

As to NYC Funeral, their argument that Jacqueline signed a release and hold harmless clause is improperly raised for the first time on reply (*see, e.g. Indymac Bank, F.S.B. v Baroi*, 214 AD3d 414 [1st Dept 2023]). While NYC Funeral argues that Jacqueline is merely seeking damages for mental anguish from NYC Funeral's alleged breach, viewing the facts in the light most favorable to the non-movant, Jacqueline may have also suffered economic damages. It is undisputed that Jacqueline paid a lump sum so that NYC Funeral could arrange the cremation of her deceased sister, and Jacqueline alleges she did not receive the benefit of the bargain as she received the incorrect remains. It is for a jury to decide if the remains were incorrect, if NYC Funeral failed to perform under the terms of the contract, and the damages, if any, to which Jacqueline is entitled. Therefore, NYC Funeral's motion seeking to dismiss Jacqueline's breach of contract claim is denied.

### E. Crossclaims

As there remain viable causes of action against both Greenwood and NYC Funeral, summary judgment dismissing the contribution and common law indemnification cross claims is premature (*see, e.g. Pena v Intergate Manhattan LLC*, 194 AD3d 576 [1st Dept 2021).

Accordingly, it is hereby,

ORDERED that Defendant Greenwood's motion for summary judgment is granted in part and denied in part; and it is further

ORDERED that Defendant Greenwood's motion for summary judgment dismissing Plaintiffs' negligent infliction of emotional distress and intentional infliction of emotional distress claims is granted, and those claims are hereby dismissed; and it is further

ORDERED that Defendant Greenwood's motion for summary judgment dismissing Plaintiff Alicia Graham's breach of contract and loss of sepulcher claim is granted, and those claims are hereby dismissed; and it is further

ORDERED that Defendant Greenwood's motion for summary judgment dismissing Plaintiff Jacqueline Graham's breach of contract and loss of sepulcher claims is denied; and it is further

ORDERED that Defendant Greenwood's motion for summary judgment dismissing Defendant N.Y.C. Funeral's cross claims is denied as premature; and it is further

ORDERED that Defendant N.Y.C. Funeral's cross-motion for summary judgment is granted in part and denied in part; and it is further

ORDERED that Defendant N.Y.C. Funeral's cross-motion for summary judgment dismissing Plaintiffs' negligent infliction of emotional distress and intentional infliction of emotional distress claims is granted, and those claims are hereby dismissed; and it is further

156863/2020  GRAHAM, JACQUELINE vs. N.Y.C. FUNERAL & CREMATION                    Page 6 of 7
Motion No.  001

6 of 7

[* 6]

ORDERED that N.Y.C. Funeral's cross-motion for summary judgment dismissing Plaintiff Alicia Graham's breach of contract and loss of sepulcher claim is granted, and those claims are hereby dismissed; and it is further

ORDERED that Defendant N.Y.C. Funeral's cross-motion for summary judgment dismissing Plaintiff Jacqueline Graham's breach of contract and loss of sepulcher claims is denied; and it is further

ORDERED that Defendant N.Y.C. Funeral's cross-motion for summary judgment for summary judgment dismissing Defendant Greenwood's crossclaims is denied as premature; and it is further

ORDERED that within ten days of entry, counsel for Plaintiffs shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

_____1/10/2025_____
DATE

_Mary V Rosad JSC_
HON. MARY V. ROSADO, J.S.C.

CHECK ONE:

| | | | |
|---|---|---|---|
| ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |

APPLICATION: ☐ SETTLE ORDER ☐ SUBMIT ORDER

CHECK IF APPROPRIATE: ☐ INCLUDES TRANSFER/REASSIGN ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE

156863/2020 GRAHAM, JACQUELINE vs. N.Y.C. FUNERAL & CREMATION Page 7 of 7
Motion No. 001

7 of 7

[* 7]