**Benfield Partners, Inc. v Home Record LLC**

2025 NY Slip Op 30106(U)

January 13, 2025

Supreme Court, New York County

Docket Number: Index No. 157655/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: **HON. ARLENE P. BLUTH**

*Justice*

PART **14**

------------------------------------------------------------------------------X

BENFIELD PARTNERS, INC.,

Plaintiff,

- v -

HOME RECORD LLC, NYJE, LLC

Defendant.

------------------------------------------------------------------------------X

INDEX NO. 157655/2022

MOTION DATE 12/09/2024

MOTION SEQ. NO. 006

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 107, 108, 109, 110, 111, 112, 113, 114, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129

were read on this motion to/for           VACATE/STRIKE - NOTE OF ISSUE           .

Defendant's motion to strike plaintiff's note of issue is granted, and plaintiff's cross motion for summary judgment is denied.

**Background**

Plaintiff Benfield Partners, Inc. ("Benfield") is a contractor that claims it was hired by defendant Home Record LLC ("Home Record") in 2021 to perform renovations on a property located at 74 Bowery in Manhattan.[1] Benfield alleges causes of action for breach of contract and account stated and insists that it is owed $230,120.23.

Home Record contends that Benfield did not finish the work on time and raised the affirmative defense of payment in full and counterclaims for lost profits of approximately $1,400,000 as well as salaries paid of approximately $30,000 attributable to the alleged delay.

On September 4, 2024 Benfield filed a note of issue in which it submitted that all discovery now known to be necessary was completed. On September 24, 2024, Home Record

---

[1] Before this Court is also a related matter involving the same parties but a different property, Index Number 157656/2022.

157655/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD LLC ET AL
Motion No.  006

Page 1 of 7

[* 1]

filed the instant motion to strike plaintiff's note of issue or alternatively to stay the deadline for filing summary judgment. Benfield opposes the motion to strike and cross-moves for summary judgment on its two causes of action.

In support of its motion to strike the note of issue, Home Record points out that party depositions have not occurred and that there are substantial unresolved discovery issues. Primary among these issues is that Benfield claims it sent over two thousand pages of discoverable material to Home Record, while Home Record claims it only received one hundred and nineteen pages. In its attorney affirmation, Benfield doubles down and states that it offered to schedule post note of issue depositions, although it did not believe them to be necessary.

In support of its cross motion for summary judgment, Benfield includes an affirmation from Christopher Benfield (a principal of Benfield), Benfield's amended complaint, a copy of the contract, and a spreadsheet.

The attorney affirmation posits that "there is no triable issue of fact as to many issues." The contract states the total contract price as $319,743.78, calls for substantial completion by May 3, 2021, and states that time is of the essence (NYSCEF Doc. No. 121). The contract calls for five total payments: three payments of $79,935.95 each to be made at the end of certain milestones, and two final payments to be made, one after substantial completion for $47,961.57 and one after completion of the punch list for $31,974.38 (*id.*).

The amended complaint also states that the original agreed upon price was $319,743.78 and additionally that Home Record made three payments of $79,935.94 each, which would be one cent less than the agreed upon amount for the first three payments (NYSCEF Doc. No. 119).

Christopher Benfield's affirmation states that the original agreed upon budget was $328,628.28, and there was an additional $122,487.42 approved in change orders for a total of

**157655/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD LLC ET AL**          **Page 2 of 7**
  **Motion No.  006**

2 of 7

[* 2]

$451,169.70 owed for work that was actually completed. Mr. Benfield states that Home Record paid Benfield $261,090.71 in three payments of $87,030.26 each.[2] He claims that Benfield stopped working on the job at some point after not being paid. Benfield's spreadsheet shows an original budget of $328,628.28 and lists three payments made of $87,030.26 each (NYSCEF Doc. No. 122).

Home Record claims that there are unresolved material issues of fact with regard to: the specific work requested, the scope and quality of work performed, the total payments made, whether all work was completed in accordance with the contract, the validity of the alleged change orders, the timeline of performance, and the accuracy of plaintiff's billing records. Home Record claims it made five payments to Benfield totaling $359,078.25.[3] Home Record also produces a document that seems to show that it made three payments to Benfield for $87,030.25 each, one cent less than Benfield claims it received in the affirmation and spreadsheet (NYSCEF Doc. No. 128).

**Discussion**

Defendant's Motion to Vacate the Note of Issue

22 NYCRR 202.21 (e) provides that a court may vacate a note of issue if it appears that a material fact in the certificate of readiness is incorrect. Here, Benfield claimed in the certificate of readiness that all known necessary discovery was completed. This is simply not the case. The parties have not been deposed despite the Court ordering depositions (*see*, NYSCEF Doc. Nos. 58, 80), and there is a disagreement about the quantity and responsiveness of the documents Home Record received.

---

[2] The Court notes that three payments of $87,030.26 each would total $261,090.78.

[3] This figure appears to be for both this project as well as the related project which is the subject of separate litigation.

**157655/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD LLC ET AL**                    **Page 3 of 7**
 **Motion No.  006**

3 of 7

[* 3]

Moreover, this part's rules require that a note of issue can only be filed with permission of the Court, and this Court never set a note of issue deadline. The purpose of such a rule is to avoid the instant motion practice—a situation where a plaintiff files a note of issue long before discovery is completed. Clearly, Home Record is entitled to much more discovery.

The Court therefore grants Home Record's motion to vacate the note of issue and Home Record may proceed with discovery, both document discovery and depositions. However, as Benfield represented in the certificate of readiness that all discovery is complete, and in its motion papers its counsel affirms that depositions are not necessary, this Court takes Benfield at its word and finds that it is not entitled to seek any discovery from Home Record.

Plaintiff's Motion for Summary Judgment

To be entitled to the remedy of summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853, 487 NYS2d 316 [1985]). The failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers (*id*.). When deciding a summary judgment motion, the court views the alleged facts in the light most favorable to the non-moving party (*Sosa v 46th St. Dev. LLC*, 101 AD3d 490, 492 [1st Dept 2012]).

Once a movant meets its initial burden, the burden shifts to the opponent, who must then produce sufficient evidence to establish the existence of a triable issue of fact (*Zuckerman v City of New York,* 49 NY2d 557, 560, 427 NYS2d 595 [1980]). The court's task in deciding a summary judgment motion is to determine whether there are bona fide issues of fact and not to delve into or resolve issues of credibility (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505, 942

**157655/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD LLC ET AL**
**Motion No.  006**

**Page 4 of 7**

4 of 7

NYS2d 13 [2012]). If the court is unsure whether a triable issue of fact exists, or can reasonably conclude that fact is arguable, the motion must be denied (*Tronlone v Lac d'Amiante Du Quebec, Ltee,* 297 AD2d 528, 528-29, 747 NYS2d 79 [1st Dept 2002], *affd* 99 NY2d 647, 760 NYS2d 96 [2003]).

Benfield failed to meet its burden on either its contract or account stated claims, and there are clearly material issues of fact. The contract and amended complaint differ from Christopher Benfield's affirmation and Benfield's spreadsheet with respect to the original agreed upon price as well as how much Benfield was paid. Furthermore, the contract listed an end date for substantial completion and stated that time was of the essence, and the contract only calls for the final two payments to be made upon substantial completion and completion of the punch list. Benfield admitted it stopped work on the project before it was completed, so there is a material question of fact as to whether Benfield substantially completed the project and whether the punch list was completed. Meanwhile, Home Record claims that it suffered damages of over one million dollars as a result of the delay in completion.

With regard to the part of Benfield's motion that seeks summary judgment for account stated, Benfield has neither annexed one change order nor invoice as an exhibit nor alleged on which dates payment was originally requested or in what amount. Benfield has not met its burden to show as a matter of law that it is entitled to this relief when the facts alleged are viewed in the light most favorable to Home Record.

Accordingly, it is hereby

ORDERED that defendant's motion to strike plaintiff's note of issue is granted; and it is further

ORDERED that plaintiff's cross motion for summary judgment is denied; and it is further

**157655/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD LLC ET AL**
**Motion No.  006**

**Page 5 of 7**

5 of 7

ORDERED that plaintiff must sit for its initial deposition by February 21, 2025; if it is determined that there were documents not produced that were demanded before the deposition, then this Court may order another deposition if a motion seeking such relief is made; and it is further

ORDERED that plaintiff has waived its right to take defendant's deposition or seek any further discovery from defendant by representing that all discovery is complete or not necessary; and it is further

ORDERED that the case is stricken from the trial calendar; and it is further

ORDERED that, within 15 days from the entry of this order, defendant shall serve a copy of this order with notice of entry on all parties and upon the Clerk of the General Clerk's Office, who is hereby directed to strike the case from the trial calendar and make all required notations thereof in the records of the court; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

ORDERED that the discovery conference is adjourned to March 17, 2025 at 10 a.m. By March 10, 2025, the parties shall upload 1) a stipulation about discovery signed by all parties, 2) a stipulation of partial agreement that identifies the areas in dispute or, 3) letters explaining why no agreement about discovery could be reached. The Court will then assess whether a conference is necessary (i.e., if the parties agree, then an in-person conference may not be required).

**157655/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD LLC ET AL**                    **Page 6 of 7**
  **Motion No.  006**

6 of 7

If nothing is uploaded by March 10, 2025, or if the documents submitted show that inadequate progress has been made, the Court may adjourn the conference or order a note of issue be filed.

|  | 01/13/2025 | | | ARLENE P. BLUTH, J.S.C. | |
|---|---|---|---|---|---|
|  | **DATE** | | | | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | DENIED | GRANTED IN PART | x OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**157655/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD LLC ET AL**
**Motion No.  006**

Page 7 of 7

7 of 7

[* 7]