**Garcia v 100 Church Fee Owner LLC**

2025 NY Slip Op 30716(U)

March 4, 2025

Supreme Court, New York County

Docket Number: Index No. 158554/2018

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**    <u>**HON. MARY V. ROSADO**</u>            **PART**          **33M**

*Justice*

------------------------------------------------------------------------X

GEREMIAS J. BERGANZA GARCIA,

           Plaintiff,

     - v -

100 CHURCH FEE OWNER LLC,100 CHURCH STREET
TENANT, LLC,SL GREEN REALTY CORP., R & S
CONSTRUCTION CONTRACTING, INC.,STEPHEN FOY
MECHANICAL SERVICE CORP.,

           Defendant.

------------------------------------------------------------------------X

100 CHURCH FEE OWNER LLC, SL GREEN REALTY
CORP., R & S CONSTRUCTION CONTRACTING, INC.

           Plaintiff,

     -against-

MELLIFONT CONSTRUCTION CORP.

           Defendant.

------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 158554/2018 |
| **MOTION DATE** | 04/18/2024 |
| **MOTION SEQ. NO.** | 005 |

**DECISION + ORDER ON
MOTION**

Third-Party
Index No. 595447/2019

The following e-filed documents, listed by NYSCEF document number (Motion 005) 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, 185, 186, 187, 188, 189, 195, 196, 197, 198, 199

were read on this motion to/for          JUDGMENT - SUMMARY      .

Upon the foregoing documents, and after a final submission date of January 13, 2025, Third-Party Defendants Mellifont Construction Corp.'s ("Mellifont") motion seeking summary judgment dismissing Third-Party Plaintiffs 100 Church Fee Owner LLC, SL Green Realty Corp., and R&S Construction Contracting, Inc.'s (collectively "Third-Party Plaintiffs") third-party claims is denied.[1]

---

[1] Although Mellifont states in its notice of motion it seeks summary judgment on its claims, a reading of the motion papers makes clear Mellifont is seeking dismissal of Third-Party Plaintiffs' claims.

**158554/2018 BERGANZA GARCIA, GEREMIAS J. vs. 100 CHURCH FEE OWNER LLC**          **Page 1 of 4**
**Motion No. 005**

## I.  Background

Mellifont employed Plaintiff Geremias J. Berganza Garcia ("Plaintiff") to perform demolition work at 100 Church Street, New York, New York ("the "Worksite"). On June 23, 2018, Plaintiff was injured when a metal object fell down an elevator shaft and struck him. Plaintiff then filed this lawsuit seeking damages arising from alleged violations of the New York Labor Law.

In its Decision and Order dated June 28, 2024, on motion sequence 003, the Court granted Plaintiff summary judgment on his Labor Law § 240(1) claim asserted against Third-Party Plaintiffs. The Court denied Third-Party Plaintiffs' cross motion for summary judgment on their third party and crossclaims seeking common law indemnity, contractual indemnification, and breach of contract for failure to procure insurance. In this motion, Mellifont seeks summary judgment dismissing Third-Party Plaintiffs' common law indemnity, contractual indemnity, and breach of contract claims.

## II.  Discussion

### A. Standard

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). The moving party's "burden is a heavy one and on a motion for summary judgment, facts must be viewed in the light most favorable to the non-moving party." (*Jacobsen v New York City Health and Hosps. Corp.,* 22 NY3d 824, 833 [2014]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

### B. Common Law Indemnification and Breach of Contract

As a preliminary matter, Mellifont's motion papers do not set forth any arguments for dismissal of these claims. The failure to set forth any evidence or arguments in favor of dismissing these claims precludes the Court from granting Mellifont summary judgment dismissing Third-Party Plaintiffs common law indemnification and breach of contract claims. Therefore, this portion of Mellifont's motion for summary judgment is denied.

### C. Contractual Indemnification

Mellifont's motion to dismiss Third-Party Plaintiffs' contractual indemnification claim is denied. As this Court stated in its Decision and Order on motion sequence 003, there is a triable issue of fact as to whether Third-Party Defendants were actively negligent in supervising adequately the various trades. Further, the indemnification clause relied upon by Third-Party Plaintiffs is not unenforceable because it contains savings language requiring indemnification only "to the fullest extent permitted by law" (*see, e.g. Guzman v 170 West End Ave. Associates*, 115 AD3d 462, 463-464 [1st Dept 2014]). The Court has considered Mellifont's argument that the indemnification clause is unenforceable because it is not "clear and unambiguous" and finds it to be without merit. Indeed, there is evidence that Mellifont is already partially indemnifying Third-Party Plaintiffs as Mellifont's general liability insurer is providing a defense to Third-Party Plaintiffs. Therefore, Mellifont's motion is denied in its entirety.

Accordingly, it is hereby,

ORDERED that Third-Party Defendants Mellifont Construction Corp.'s motion seeking summary judgment dismissing Third-Party Plaintiffs 100 Church Fee Owner LLC, SL Green Realty Corp., and R&S Construction Contracting, Inc.'s third-party claims asserted is denied; and it is further

ORDERED that within ten days of entry, counsel for Third-Party Plaintiffs shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| 3/4/2025 | | | | _My V Rosado JSC_ | |
|---|---|---|---|---|---|
| **DATE** | | | | **HON. MARY V. ROSADO, J.S.C.** | |
| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER | |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |